# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-00-00689-CV

### City of Corpus Christi, Texas, Appellant

### v.

### Commission on State Emergency Communications; and Carey Spence, Interim Executive Director, Commission on State Emergency Communications, Appellees

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. 99-02304, HONORABLE SUZANNE COVINGTON, JUDGE PRESIDING

Appellant, the city of Corpus Christi ("the City"), appeals from a district-court summary judgment in favor of appellees, the Commission on State Emergency Communications and Carey Spence, its Interim Executive Director[1] (together "the Commission"). The City sought a declaratory judgment that the Commission exceeded its authority under the health and safety code when it refused to allow the City to withdraw from a regional 911 emergency plan. *See* Tex. Health & Safety Code Ann. § 771.051 (West Supp. 2001). We will reverse the district court's summary judgment and render judgment for the City.

---

[1] This appeal was originally filed in the name of the previous executive director of the Commission on State Emergency Communications. We have substituted the current interim executive director. *See* Tex. R. App. P. 7.2(a).

## FACTUAL AND PROCEDURAL BACKGROUND

In 1988 the City entered into an agreement with the Coastal Bend Council of Governments ("the Council") to participate in a regional 911 emergency plan, which is part of the statewide 911 system administered by the Commission. Under the agreement, the Council would administer the regional 911 plan in the entire Coastal Bend Region, including the City, for five years with the agreement continuing thereafter from year to year unless either party chose to terminate the agreement. The City's participation in such a plan is permitted by the health and safety code. *See id.* § 771.058(b).

After participating in the plan for seven years, the City decided to withdraw from it and begin providing its own 911 service to customers within the City. The City notified the Council of its plans to terminate the agreement on January 1, 1998. Although the Council accepted the City's withdrawal, the Commission rejected it and continued to levy an emergency service fee on customers in the City. *See id.* § 771.071. However, under the health and safety code, the Commission may not continue to levy the fee if the City is no longer participating in the regional plan. *See id.* § 771.071(d).

The City filed suit, seeking a declaratory judgment that the Commission lacked the authority to reject the City's withdrawal from the regional plan. *See* Tex. Civ. Prac. & Rem. Code Ann. §§ 37.001-.011 (West 1997 & Supp. 2001). Both the City and the Commission filed motions for summary judgment. The district court granted the Commission's motion and denied the City's. By one issue, the City appeals the district court's summary judgment.

**DISCUSSION**

*Jurisdiction*

As a preliminary matter, we will address a jurisdictional issue raised by the Commission. The Commission filed a plea to the jurisdiction in the district court, asserting that the City's claims were barred by sovereign immunity. The district court denied the Commission's plea. Although the Commission did not immediately appeal that ruling, *see* Tex. Civ. Prac. & Rem. Code Ann. § 51.014(a)(8) (West Supp. 2001), it now asserts that this Court lacks jurisdiction because "the [Uniform Declaratory Judgments Act] does not carry its own jurisdiction," the doctrine of sovereign immunity bars the suit, and "[n]o statute authorizes judicial review of [the] Commission's decision." We reject all three of the Commission's arguments.

A "declaratory judgment . . . is appropriate only if (1) a justiciable controversy exists as to the rights and status of the parties; and (2) the controversy will be resolved by the declaration sought." *Texas Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.—Austin 1998, no pet.) (citing *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995)). The City's suit satisfies these two requirements.

The Commission's arguments that the City's claims are barred by the doctrine of sovereign immunity and that the City is circumventing established procedure for review of administrative-agency decisions are also without merit. The City is seeking a determination of agency power; it is not seeking to control a State function nor is it seeking judicial review of the Commission's decision. "Suits challenging an agency's action as being outside the scope of its delegated authority are not suits against the State requiring legislative permission to sue." *Texas*

3

*State Employees Union/CWA Local 6184 A.F.L.C.I.O. v. Texas Workforce Comm'n*, 16 S.W.3d 61, 69 (Tex. App.—Austin 2000, no pet.). We hold that the district court had jurisdiction to entertain the City's action and this Court has jurisdiction to consider the City's appeal.

***Home-Rule Power***

By its only issue, the City argues that the legislature has not clearly granted to the Commission the power to reject the City's withdrawal from the regional plan. When both sides move for summary judgment and the trial court grants one motion and denies the other, we review the summary-judgment proof presented by both sides and determine all questions presented. *Commissioners Court v. Agan*, 940 S.W.2d 77, 81 (Tex. 1997). If we find error, we must render the judgment the trial court should have rendered. *Id*.

The City is a home-rule city, deriving its power from the Texas Constitution. *See* Tex. Const. art. XI, § 5; *Quick v. City of Austin*, 7 S.W.3d 109, 122 (Tex. 1998). A home-rule city is not dependent on the legislature for a grant of authority. *Quick*, 7 S.W.3d at 122; *Lower Colo. River Auth. v. City of San Marcos*, 523 S.W.2d 641, 643 (Tex. 1975). Rather, the legislature may provide limits on the power of home-rule cities, but only if the limitation appears with "unmistakable clarity." *Quick*, 7 S.W.3d at 122; *Lower Colo. River Auth.*, 523 S.W.2d at 645.

The City seeks to withdraw from the regional plan and the opportunity to provide its own 911 service only within the municipality. Unless the legislature, in the health and safety code, limited with unmistakable clarity the City's authority to do so, the City may withdraw from the plan. We conclude that the legislature has not so limited the City's authority.

4

Statutory construction is a question of law, *Johnson v. City of Fort Worth*, 774 S.W.2d 653, 656 (Tex. 1989), the resolution of which must begin by looking to the statute's words. *Liberty Mut. Ins. Co. v. Garrison Contractors, Inc.*, 966 S.W.2d 482, 484 (Tex. 1998). "The goal of statutory construction is to give effect to the intent of the legislature." *Monsanto Co. v. Cornerstones Mun. Util. Dist.*, 865 S.W.2d 937, 939 (Tex. 1993) (citing *Harris County Dist. Attorney's Office v. J.T.S.*, 807 S.W.2d 572, 574 (Tex. 1991)). Simply stated, where a statute is unambiguous, we discern the legislature's intent from the "plain and common meaning of the words and terms used." *Id.* (citing *Moreno v. Sterling Drug, Inc.*, 787 S.W.2d 348, 352 (Tex. 1990); *RepublicBank Dallas, N.A. v. Interkal, Inc.*, 691 S.W.2d 605, 607 (Tex. 1985)). Courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning. *Sorokolit v. Rhodes*, 889 S.W.2d 239, 241 (Tex. 1994); *Sexton v. Mount Olivet Cemetery Ass'n*, 720 S.W.2d 129, 138 (Tex. App.—Austin 1986, writ ref'd n.r.e.).

The sections of the health and safety code at issue here address the establishment, operation, and amendment of regional planning commissions. *See* Tex. Health & Safety Code Ann. § 771.055-.057. Section 771.055 requires a regional planning commission, such as the Coastal Bend Council of Governments, to develop a regional plan for 911 emergency service and also includes various requirements for such a plan. *Id.* A regional plan must be submitted to the Commission for approval. *Id.* § 771.056. The Commission may either approve or disapprove a plan. *Id.* Amendment of the plan is according to procedures established by the Commission. *Id.* § 771.057. Although the Commission has adopted rules for amending a plan, *see* 1 Tex. Admin. Code § 251.6(d)(1), (2) (2000), those rules do not specifically address the withdrawal of a party to the plan.

5

However, the Commission argues that its general power to disapprove an amendment to a regional plan encompasses the ability to reject the withdrawal of an entity from a regional plan, stating in its brief, "Any withdrawal must be with the approval of the Commission, through the regional plan amendment process."

However, the health and safety code is silent as to a procedure for withdrawal from a regional plan. *See id*. §§ 771.055-.057. The word "amendment" does not unmistakably and clearly implicate a complete withdrawal from a regional plan, nor does any provision of the Commission's rules. We note that courts may not by implication enlarge the meaning of any word in the statute beyond its ordinary meaning. *Sorokolit*, 889 S.W.2d at 241; *Sexton*, 720 S.W.2d at 138. If the legislature had intended for the Commission to have the authority to reject a home-rule city's withdrawal from a regional plan, it could have easily done so in clear, unambiguous language.

The Commission argues that although the statute does not specifically grant it ability to establish a procedure for a party's withdrawal from a regional plan, the interpretation urged by the City "flies in the face of the overall legislative intent" as revealed by its contemporaneous acts. The Commission notes the legislature's passage of another chapter of the health and safety code that it claims reveals the legislature's "intention to promote the statewide 9-1-1 program" administered by the Commission. *See* Tex. Health & Safety Code Ann. §§ 772.104, .204, .304, .402 (West 1992 & Supp. 2001). We do not dispute that these chapters (771 and 772) show an intent to provide all state residents access to 911 emergency service. *See id*. §§ 772.104, .204, .304, .402. However, we must look to the words of a statute to determine legislative intent. *See Monsanto Co.*, 865 S.W.2d at 939. The plain and common meaning of the applicable sections of the code do not give the

6

Commission clear and unmistakable authority to reject the City's withdrawal. We will not equate *withdrawal* with *amendment* to restrict the power of a home-rule city to withdraw from a regional 911 plan.

Because the legislature has not limited with "unmistakable clarity" the power of a home-rule city to withdraw from a regional plan, we hold that the City may so withdraw. *See Quick*, 7 S.W.3d at 122; *Lower Colo. River Auth.*, 523 S.W.2d at 645.

## CONCLUSION

Having determined that the legislature did not grant the authority urged by the Commission, we sustain the City's issue, reverse the district court's judgment, and render judgment granting the City's motion for summary judgment.

_____

Lee Yeakel, Justice

Before Chief Justice Aboussie, Justices Yeakel and Patterson.

Reversed and Rendered

Filed: September 13, 2001

Publish