ACCEPTED
03-14-00808-CV
6839427
THIRD COURT OF APPEALS
AUSTIN, TEXAS
9/9/2015 9:58:14 AM
JEFFREY D. KYLE
CLERK

NO. 03-14-00808-CV

In the Court of Appeals
Third District of Texas
Austin, Texas

RECEIVED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS

9/9/2015 9:58:14 AM

JEFFREY D. KYLE
Clerk

**Rosendo Morales,**

Appellant,

v.

**Texas Department of Insurance-Division of
Workers' Compensation and Commissioner
Ryan Brannan, in his Official Capacity,**

Appellees.

From the District Court of Bell County, Texas, 146th District Court,
No. 269, 135-B, Honorable Jack Weldon Jones, Judge Presiding

**BRIEF OF TEXAS MUTUAL INSURANCE COMPANY
AS *AMICUS CURAE* IN SUPPORT OF APPELLEES**

Mary Barrow Nichols
State Bar No. 01831600
Shannon S. Pounds
State Bar No. 24011600
**Texas Mutual Insurance Company**
6210 E. Hwy. 290
Austin, Texas 78723
Telephone: (512) 224-2723
Facsimile: (512) 224-3214
mnichols@texasmutual.com
spounds@texasmutual.com

R. Scott Placek
State Bar No. 00784769
Matthew J. Foerster
State Bar No. 24065238
**Arnold & Placek, P.C.**
203 E. Main St., Suite 201
Round Rock, Texas 78664
Telephone: (512) 341-7044
Facsimile: (512) 341-7921
splacek@arnoldplacek.com
mfoerster@arnoldplacek.com

Attorneys for *Amicus Curae*, Texas Mutual Insurance Company

September 9, 2015

# TABLE OF CONTENTS

IDENTITY AND INTEREST OF AMICUS CURAE.............................iii

INDEX OF AUTHORITIES ................................................................. v

ARGUMENT ..................................................................................... 1

I.   Affirming dismissal of Morales's declaratory judgment
     claim as advisory and redundant will advance the goals
     of judicial economy .................................................................2

     A.   Morales sought meaningless advisory opinions
          under the UDJA ..................................................................3

     B.   Morales's declaratory judgment claim is entirely
          redundant of his suit for judicial review .............................. 7

     C.   By affirming on these non-immunity grounds,
          the Court will narrow the remaining issues for
          trial and avoid the need to address them again
          in a second appeal ............................................................. 10

II.  The Court must address the redundancy of
     Morales's declaratory judgment claim to determine
     whether he should have been given an opportunity
     to replead ............................................................................... 11

III. Morales's assertion that this Court has authorized
     Texas Mutual to obtain redundant, declaratory relief
     against the DWC is wrong and misleading ................................. 12

CONCLUSION .............................................................................. 15

CERTIFICATE OF SERVICE.............................................................. 17

CERTIFICATE OF COMPLIANCE....................................................... 18

## IDENTITY AND INTEREST OF *AMICUS CURAE*

Texas Mutual Insurance Company is a domestic insurance company created by the legislature to guarantee the availability of workers' compensation insurance to Texas employers. *See* Tex. Ins. Code ch. 2054. No compensation was paid to Texas Mutual for preparing or filing this brief. *See* Tex. R. App. P. 11(c).

Plaintiff-Appellant, Rosendo Morales, brought identical claims under the Uniform Declaratory Judgment Act against Texas Mutual and Appellees, the Texas Department of Insurance, Division of Workers' Compensation and Commissioner Ryan Brannan in his official capacity (the "DWC"), regarding how impairment ratings in workers' compensation should be calculated generally. Both Texas Mutual and the DWC filed pleas to the jurisdiction on the bases that Morales's declaratory judgment claims (1) sought advisory opinions and (2) were redundant to Morales's suit against Texas Mutual for judicial review. The DWC's plea also asserted a sovereign immunity defense. The trial court granted both pleas to the jurisdiction without specifying the grounds. Morales appealed the order granting the DWC's plea pursuant to section 51.014(8) of the Texas Civil Practice and Remedies Code.

Texas Mutual files this *amicus* brief in support of the DWC to address in greater detail the non-immunity grounds supporting the trial court's order and why this Court should address them.

# INDEX OF AUTHORITIES

## Cases

*Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260
(Tex. App.–Austin 2002, no pet.)......................................................7

*Brinkley v. Texas Lottery Com'n*, 986 S.W.2d 764
(Tex. App.–Austin 1999, no pet.)......................................................6

*Briscoe v. Goodmark Corp.*, 102 S.W.3d 714
(Tex. 2003) ...............................................................................10

*Cervantes v. New Hampshire Ins. Co.*, 04-12-00722-CV
2013 WL 3486824 (Tex. App.–San Antonio
July 10, 2013, pet. denied) ...........................................................8

*Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623
(Tex. 1996). ..............................................................................2

*Del Indus., Inc. v. Texas Workers' Comp. Ins. Fund*, 973 S.W.2d 743
(Tex. App.–Austin 1998), *aff'd*, 35 S.W.3d 591 (Tex. 2000)..................2

*Harvel v. Texas Dep't of Ins.-Div. of Workers' Comp.*, 13-14-00095-CV
2015 WL 3637823 (Tex. App.–Corpus Christi
June 11, 2015, no. pet. h.) ................................................ 8, 11, 12, 13

*Hernandez v. Texas Dept. of Ins., Div. of Workers' Comp.*,
04-14-00123-CV, 2014 WL 3747306 (Tex. App.–San Antonio
July 30, 2014, no pet.) ..................................................................8

*Howell v. Texas Workers' Comp. Com'n*, 143 S.W.3d 416
(Tex. App.–Austin 2004, pet. denied)................................................14

*Med Ctr. Bank v. Fleetwood*, 854 S.W.2d 278
(Tex. App.–Austin 1993), *writ denied* (Sept. 29, 1993).......................10

*Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188
(Tex. 2003). ..............................................................................2

*Patterson v. Planned Parenthood of Houston & Se. Texas, Inc.*,
971 S.W.2d 439 (Tex. 1998)............................................................3

*Rusk State Hosp. v. Black*, 392 S.W.3d 88
   (Tex. 2012) ..................................................................................11

*Tex. Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440
   (Tex. 1993) .............................................................................3, 6, 7

*Tex. Dep't of Ins., Div. of Workers' Comp. v. Lumbermens Mut.
   Cas. Co.,* 212 S.W.3d 870 (Tex. App.–Austin 2006, pet. denied)...........5

*Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217
   (Tex. 2004). .................................................................................12

*Tex. Dep't of Pub. Safety v. Moore*, 985 S.W.2d 149
   (Tex. App.–Austin 1998, no pet.).....................................................3, 4

*Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726
   (Tex. App.–Austin 2014, pet. dism'd).................................................7

*Texas Mutual v. Texas Dept. of Ins., Div. of Workers' Comp,*
   214 S.W.3d 613 (Tex. App.–Austin 2006, no pet.) ..............................13

*Texas Workers' Comp. Ins. Fund v. Texas Workers' Comp. Com'n &
   Watts*, 124 S.W.3d 813, 822-23 (Tex. App.–Austin 2003
   pet. denied). ...............................................................................15

## Statutes

Tex. Admin. Code § 130.1(a) ................................................................7

Tex. Lab. Code § 401.011(23) .............................................................4, 6

Tex. Lab. Code § 401.011(30). ..............................................................4

Tex. Lab. Code § 408.123 ....................................................................7

Tex. Lab. Code § 408.124 ....................................................................5

Tex. Lab. Code § 410.251 ....................................................................8

# ARGUMENT

**The Court should affirm dismissal of Morales's declaratory judgment claim on the grounds that it seeks advisory opinions and relief redundant to his judicial review action.**

This interlocutory appeal presents three jurisdictional questions: (1) is the DWC immune? (2) is Rosendo Morales's claim under the Uniform Declaratory Judgment Act ("UDJA") redundant of his judicial review suit? and (3) do Morales's declaratory judgment claims seek advisory opinions? Sovereign immunity aside, this Court should address the remaining jurisdictional issues for two reasons.

*First*, resolving all jurisdictional defects now will advance the interests of judicial economy by avoiding the need for a second appeal. If the Court affirms only on immunity grounds, then it would leave open the questions of whether the declaratory judgment claims are advisory and redundant, and Morales would have to file a traditional appeal to obtain review of the order dismissing his declaratory judgment claim against Texas Mutual.

*Second*, even if the Court finds that Morales's declaratory judgment claim against the DWC is barred by immunity, the Court must address whether it was redundant of his judicial review claim when the Court

1

decides whether Morales should have been given an opportunity to replead.

Texas Mutual dedicates the remainder of its brief to correcting Morales's mischaracterization of other cases in which Texas Mutual sought declaratory relief. None of those cases involved claims or circumstances like Morales's.

I.    **Affirming dismissal of Morales's declaratory judgment claim as advisory and redundant will advance the goals of judicial economy.**

In the interest of judicial economy, appellate courts should consider all grounds for dismissal that were preserved for review. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996). Judicial economy "require[s] that dispositive issues must be considered and resolved and that a judgment moving the case to the greatest degree of finality must be rendered." *Natural Gas Pipeline Co. of Am. v. Pool*, 124 S.W.3d 188, 201 (Tex. 2003). This Court has recognized its obligation to dispose of as many issues and claims as possible while a case is on appeal. *Del Indus., Inc. v. Texas Workers' Comp. Ins. Fund*, 973 S.W.2d 743, 748 (Tex. App.– Austin 1998), *aff'd*, 35 S.W.3d 591 (Tex. 2000). The Court should discharge that obligation by deciding the two jurisdictional questions that will continue to haunt Morales and Texas Mutual when this

2

litigation recommences in the trial court, saving the parties significant time and resources.

## A. Morales sought meaningless advisory opinions under the UDJA.

The trial court correctly dismissed Morales's declaratory judgment claims because they sought meaningless declarations unconnected to any specific person or concrete dispute. *See Tex. Dept. of Pub. Safety v. Moore*, 985 S.W.2d 149, 153 (Tex. App.–Austin 1998, no pet.) (holding that the declaratory judgment sought must resolve a justiciable controversy as to the rights and status of the parties). Declarations that address abstract questions of law without binding the parties constitute advisory opinions, which are constitutionally prohibited.[1] *Texas Ass'n of Bus. v. Texas Air Control Bd.*, 852 S.W.2d 440, 444 (Tex. 1993). Judicial time and resources must be conserved for real and current controversies, rather than abstract, hypothetical, or remote disputes. *Patterson v. Planned Parenthood of Houston & Se. Texas, Inc.*, 971 S.W.2d 439, 443 (Tex. 1998).

---

[1] The DWC framed this issue as one of ripeness. *See* Appellees' Brief at 22-23. The "constitutional roots" of the ripeness doctrine are the prohibition against advisory opinions and the separation of powers doctrine. *Patterson v. Planned Parenthood of Houston & Se. Texas, Inc.*, 971 S.W.2d 439, 442-43 (Tex. 1998).

3

Morales sought vague declarations that lacked any substantive content to guide the parties or others. Taken from his amended petition, Morales asked the trial court to declare:

1. that spine impairment ratings under the Texas Workers' Compensation Act must take into consideration spinal surgeries and the effects of spinal surgeries when the surgeries occur prior to maximum medical improvement;

2. that under Texas Labor Code Section 401.011 and Chapter 408 concerning impairment ratings that the DWC designated doctor's report is legally invalid because while clearly aware [of] the pre-MMI[2] surgery [he] completely ignored the serious type of spinal fusion surgery; and

3. that an "impairment" must be from an examination done after MMI has been reached and must be based upon the doctor's evaluation of the injured workers' condition after MMI including full consideration of the surgeries and the effects of surgery prior to MMI being reached.

Those declarations fail to address or resolve a justiciable controversy. *See Moore*, 985 S.W.2d at 153. Texas law already provides that an employee's "impairment"—any anatomic or functional abnormality or loss resulting from a compensable injury that reasonably appears to be permanent—must be based on the employee's condition existing after maximum medical improvement. *See* Tex. Lab. Code § 401.011(23).

---

[2] MMI refers to maximum medical improvement, defined as "the earliest date after which, based on reasonable medical probability, further material recovery from or lasting improvement to an injury can no longer reasonably be anticipated." Tex. Lab. Code § 401.011(30).

No portion of the statute or related rules limits the ability of a doctor to consider the effects of a pre-MMI surgery when rating impairment. No party contends that the doctor may not consider such surgical effects. Morales could not point to any decision, order, advisory, or action by the DWC or by Texas Mutual that indicates otherwise. Indeed, Texas Mutual contends that Morales's spinal surgery was successful and reduced what his impairment might otherwise have been without it. Morales's real complaint is *how* the effects of his own surgery were considered by the designated doctor in his case, a dispute that will be resolved entirely through his claim for judicial review.[3]

Multiple factors affect how a doctor might consider the effects of surgery when rating impairment. Recognizing the fact-intensive nature of impairment, the Legislature adopted the American Medical Association's *Guides to the Evaluation of Permanent Impairment*, which all doctors must follow to determine impairment in workers' compensation claims. Tex. Lab. Code § 408.124. Not even the DWC has authority to modify those guidelines or provide alternate assessment standards through advisories or rules. *See Tex. Dep't of Ins., Div. of*

---

[3] *See* Infra, § B.

*Workers' Comp. v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870 (Tex. App.–Austin 2006, pet. denied). Neither may the courts through the UDJA.

Even if an actual controversy existed in this case over whether the effects of surgery may be considered, the declarations Morales seeks would not resolve it. On their face, the declarations are hypothetical and abstract, detached from any concrete facts, circumstances or legal realities. Declaring that the effects of a surgery must be "considered" would tell the next doctor merely to think carefully about the employee's physical condition at the time of the evaluation—nothing more than what the statute already requires. *See* Tex. Lab. Code § 401.011(23).

Morales's requested declarations are advisory because they merely declare abstract propositions of law without granting specific relief to a litigant or affecting legal relations. *See Texas Ass'n of Bus.*, 852 S.W.2d at 444; *Brinkley v. Texas Lottery Com'n*, 986 S.W.2d 764, 767 (Tex. App.–Austin 1999, no pet.). He does not challenge the validity of any law or ask for a determination of his own rights or status. Morales would have the trial court instruct unnamed persons on how to perform impairment ratings in the future, unrelated to any concrete impairment-rating

dispute. Such declarations would not bind the parties or even the doctors who perform impairment ratings.[4]

The trial court lacks subject-matter jurisdiction over Morales's declaratory judgment claim because it seeks an advisory opinion. *See Texas Ass'n of Bus.*, 852 S.W.2d at 444. The trial court properly dismissed it.

## B. Morales's declaratory judgment claim is entirely redundant of his suit for judicial review.

The power of courts to issue declaratory judgments in the face of administrative proceedings is limited. *Beacon Nat'l Ins. Co. v. Montemayor*, 86 S.W.3d 260, 267 (Tex. App.–Austin 2002, no pet.). Under the redundant remedies doctrine, when a plaintiff "has invoked a statutory means of attacking an agency order, a trial court lacks jurisdiction over an additional claim under the UDJA that would merely determine the same issues and provide what is substantively the same relief that would be provided by the other statutory remedy." *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 746 (Tex. App.–

---

[4] Only doctors may perform impairment ratings, but Morales did not make any doctor a party to his declaratory judgment claim. *See* Tex. Lab. Code § 408.123; 28 Tex. Admin. Code § 130.1(a). Thus, Morales's proposed declaratory relief would not even bind the persons who assign impairment ratings.

Austin 2014, pet. dism'd). If Morales's declarations would give him any tangible relief at all, that relief would be redundant of his suit for judicial review, which is the final step in the statutory process for resolving workers' compensation disputes, and which is still pending at the trial court. *See* Tex. Lab. Code § 410.251, *et seq.*

Texas courts have barred redundant declaratory relief in a string of recent judicial review cases brought by workers' compensation claimants. *See, e.g., Harvel v. Texas Dep't of Ins.-Div. of Workers' Comp.*, 13-14-00095-CV, 2015 WL 3637823, at *1, 4 (Tex. App.–Corpus Christi June 11, 2015, no. pet. h.) (dismissing UDJA claim regarding when police officers generally should be considered in the course and scope of employment); *Hernandez v. Texas Dept. of Ins., Div. of Workers' Comp.*, 04-14-00123-CV, 2014 WL 3747306, at *2 (Tex. App.–San Antonio July 30, 2014, no pet.) (dismissing UDJA claim that the DWC abide by the Workers' Compensation Act and DWC rules); *Cervantes v. New Hampshire Ins. Co.*, 04-12-00722-CV, 2013 WL 3486824, at *2 (Tex. App.–San Antonio July 10, 2013, pet. denied) (holding that claimant's UDJA claim and the grounds on which he sought judicial review were directed at his challenge to the validity of the doctor's impairment rating

8

certification, which claimant contended did not comply with applicable rules).[5]

Morales's declaratory judgment claims are redundant of his judicial review suit. He does not attempt to demonstrate otherwise. Each declaration requested merely restates an argument Morales made before the DWC to obtain a higher impairment rating. The trial court will fully resolve that dispute through the judicial review process provided in Chapter 410 of the Labor Code. Judicial review gives Morales the right to seek (1) reversal of the DWC's order and (2) the award of a different, valid impairment rating. None of Morales's declarations would give him any additional relief. As is clear from three very recent appellate decisions, the redundant remedies doctrine prevents courts from expanding their jurisdiction to award unnecessary declaratory relief.

---

[5] Morales's counsel, Bradley D. McClellan, was also the attorney for the plaintiff in *Harvel*. Mr. McClellan currently represents other claimants seeking declaratory relief in workers' compensation judicial review cases pending in the Fifth Court of Appeals, *VanderWerff v. Texas Dep't of Ins.-Div. of Workers' Comp.*, No. 05-15-00195-CV, and in the First Court of Appeals, *Texas Dep't of Ins.-Div. of Workers' Comp. v. Green*, No. 01-15-00321-CV.

C. **By affirming on these non-immunity grounds, the Court will narrow the remaining issues for trial and avoid the need to address them again in a second appeal.**

Affirming the trial court's order based on the non-immunity jurisdictional defects will serve the interests of judicial economy, establish law of the case, and eliminate a second, unnecessary appeal of the order dismissing Morales's declaratory judgment claim against Texas Mutual. The "law of the case doctrine" is used to narrow the legal issues at successive stages of the litigation and provide uniformity of decisions as well as judicial economy intended to put an end to litigation. *Briscoe v. Goodmark Corp.*, 102 S.W.3d 714, 716 (Tex. 2003); *Med Ctr. Bank v. Fleetwood*, 854 S.W.2d 278, 283 (Tex. App.–Austin 1993), *writ denied* (Sept. 29, 1993). This case favors the Court resolving all three jurisdictional issues while reviewing the appealed order.

Both the advisory opinion and redundant-remedy issues were briefed and argued by the parties at the trial court, and they are preserved in the record. By addressing whether Morales's declaratory judgment claim is barred on those grounds, the Court will save Morales from having to file a second appeal after final judgment to obtain review of the order dismissing his identical declaratory judgment claims against Texas

Mutual. Wherever possible, appellate courts must decide issues that will save the time and expense inherent in a second, unnecessary appeal of the same jurisdictional issues. *See Rusk State Hosp. v. Black*, 392 S.W.3d 88, 101-02 (Tex. 2012) (Hecht, J., concurring) ("Because an appellate court *can* decide an immunity issue beyond the scope of an interlocutory appeal, and there are reasons why it *should*, I agree with the Court that it *must* do so unless, as in this case, the record has not been sufficiently developed.") (emphasis in orig.).

The posture of this case gives the Court an ideal opportunity to conserve additional time and expense by affirming the trial court's order of dismissal on the non-immunity grounds presented and preserved by the parties. The Court should hold that Morales's declaratory judgment claim seeks advisory opinions and relief that is entirely redundant of his pending action for judicial review.

II. **The Court must address the redundancy of Morales's declaratory judgment claim to determine whether he should have been given an opportunity to replead.**

Independent of prudential concerns, the Court must address whether Morales's declaratory judgment claim is redundant to determine whether he should have been given an opportunity to replead. *See Harvel*, 2015

WL 3637823, at *4. If a jurisdictional defect may be cured, the plaintiff is generally afforded an opportunity to replead. *Texas Dept. of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226-27 (Tex. 2004). But when the pleadings affirmatively negate jurisdiction by seeking redundant relief, then the defect is not curable and outright dismissal is appropriate. *Id.* at 227; *Harvel*, 2015 WL 3637823, at *4.

In *Harvel*, the court determined it would not afford the claimant an opportunity to replead because the relief requested under the UDJA "mirrors the relief he requested in the suit for judicial review." *Id.* His suit for judicial review and his declaratory judgment claims sought the same rulings: (1) that a peace officer is in the course and scope of his employment as soon as he witnesses an illegal act, and (2) that employer-directed travel includes travel from the employee's home to a specially-assigned work location. *Id.* Because the claimant would receive the same relief in either suit—reversal of the final order denying him workers' compensation benefits—the duplicative nature of his UDJA claim "affirmatively negated jurisdiction." *Id.*

The same redundancy analysis is required here. The Court should perform the redundancy analysis and hold that Morales's declaratory

judgment claim, as redundant to his suit for judicial review, affirmatively negated jurisdiction. *See id.*

### III. Morales's assertion that this Court has authorized Texas Mutual to obtain redundant, declaratory relief against the DWC is wrong and misleading.

Morales grossly mischaracterizes three cases involving declaratory judgment claims against the DWC brought by Texas Mutual or other carriers. *See* Appellant's Br. 19-24. Those cases do not apply to the facts in this case, and they do not stand for the proposition urged by Morales that carriers' declaratory judgment claims are always permissible against the DWC. Two of the cases—*Texas Mutual* and *Howell*—were not even judicial review cases. And in the third, *Watts*, this Court never examined the subject-matter jurisdiction of the declaratory judgment claim.

The least relevant case, *Texas Mutual v. Texas Dept. of Ins., Div. of Workers' Comp*, involved Texas Mutual's action for declaratory judgment that it had no duty to defend or indemnify a policyholder under an Employers' Liability Insurance policy. 214 S.W.3d 613 (Tex. App.–Austin 2006, no pet.). Because the declaratory judgment claim did not pertain in any way to workers' compensation benefits, it was not redundant to any

statutory mechanism for relief. Moreover, Texas Mutual's UDJA claim did not seek the mere construction of a statute, unconnected with a concrete dispute, as Morales does here.

Morales also argues that *Howell*, another case not involving judicial review, supports finding jurisdiction for his declaratory judgment action. In *Howell*, the Court held that the declaratory judgment in favor of Texas Mutual and other parties was not advisory because it declared that the medical fee dispute rules were constitutional and that the plaintiffs, a chiropractor and his clinic, must follow those agency rules and procedures before suing carriers in district court. *Howell v. Texas Workers' Comp. Com'n*, 143 S.W.3d 416, 441 (Tex. App.–Austin 2004, pet. denied). Morales's UDJA claim, by contrast, does not address a dispute over the constitutionality or validity of any statute or rule.

Finally, although Texas Mutual's predecessor (the Fund) did seek judicial review against a claimant and declaratory relief against the DWC in *Watts*, that case is distinguishable for two reasons. First, unlike Morales's UDJA action, the Fund claimed that the agency's appeals panel exceeded its statutory authority by setting aside a hearing officer's decision on factual sufficiency grounds. *Texas Workers' Comp. Ins. Fund*

*v. Texas Workers' Comp. Com'n & Watts*, 124 S.W.3d 813, 822-23 (Tex. App.–Austin 2003, pet. denied). But here, Morales does not assert that the DWC exceeded its authority in any respect Second, the Court rendered judgment against the Fund on both claims without addressing whether the trial court had jurisdiction over the UDJA action. *Id.* at 822-24. Morales's suggestion that this Court expressly "allowed" the Fund "to bring a declaratory judgment action against the injured worker and the Texas Workers' Compensation Commission," or held that it was "proper" to do so in judicial review suits generally, is wrong and misleading. Appellant's Br. at 18-19.

Unlike the UDJA claims in the above cases, Morales does not challenge the validity of a rule or the DWC's authority to take a specific action. Morales cites no case, because none exists, holding that a court has subject-matter jurisdiction to issue a declaratory judgment that does not award the requesting party any relief beyond a particular workers' compensation claim.

## CONCLUSION

Even if this Court decides that the DWC's sovereign immunity bars Morales's declaratory judgment claim, the Court also should hold that

Morales's declaratory judgment claims improperly seek advisory opinions and are redundant of his pending action for judicial review against Texas Mutual. Those jurisdictional issues are squarely before this Court. Deciding them now will give clarity to the remaining parties, narrow the issues for trial, and avoid the need to litigate them again in a traditional appeal of the order granting Texas Mutual's plea to the jurisdiction.

Respectfully submitted,

ARNOLD & PLACEK, P.C.
203 East Main Street, Suite 201
Round Rock, Texas 78664
Telephone: (512) 341-7044
Facsimile: (512) 341-7921

By: __/s/ R. Scott Placek_____
R. SCOTT PLACEK
State Bar No. 00784769
splacek@arnoldplacek.com
MATTHEW J. FOERSTER
State Bar No. 24065238
mfoerster@arnoldplacek.com

TEXAS MUTUAL INSURANCE CO.
Mary Barrow Nichols
State Bar No. 01831600
mnichols@texasmutual.com
Shannon S. Pounds
State Bar No. 24011600
spounds@texasmutual.com

ATTORNEYS FOR TEXAS MUTUAL
INSURANCE COMPANY

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of Texas Mutual's *Amicus Curae* Brief in Support of Appellees was served electronically on counsel of record via e-mail and ProDoc eService on September 9, 2015.

Bradley Dean McClellan
Of Counsel, Law Offices of Richard Pena, P.C.
1701 Director's Blvd., Suite 110
Austin, Texas 78744
Telephone: (512) 327-6884
Facsimile: (512) 327-8354
Email: brad.mcclellan@yahoo.com

Adrienne Butcher
Office of the Attorney General
P.O. Box 12548, Capitol Station (MC-018)
Austin, Texas 78711-2548
Telephone: (512) 463-1410
Facsimile: (512) 474-2697
Email: adrienne.butcher@texasattorneygeneral.gov

    /s/ Matthew J. Foerster

## CERTIFICATE OF COMPLIANCE

1. This brief complies with applicable length limitations under Tex. R. App. P. 9.4(i) because it contains 4,230 words as calculated using the "word count" feature of Microsoft Word 2013.

2. This petition has been written in a proportionately spaced typeface (Century), size 14-point in the body text and 12-point in footnotes, in compliance with Tex. R. App. P. 9.4(e).


　　　　　　　　　　　　　　　/s/ Matthew J. Foerster

18