**BLOCK DISTRIBUTING COMPANY et al.,**
**Appellants,**

v.

**Jerry F. RUTLEDGE, d/b/a Capitol Beverage Company, Appellee.**

**No. 15079.**

Court of Civil Appeals of Texas,
San Antonio.

Dec. 6, 1972.

Crawford C. Martin, Atty. Gen., of Texas, Nola White, Alfred Walker, Robert C. Flowers, Jay Floyd, Asst. Attys. Gen., Clark, Thomas, Harris, Denius & Winters, Edward Clark, Donald S. Thomas, Mary Joe Carroll, Austin, for appellants.

Nicholas & Barrera, Dan A. Naranjo, San Antonio, for appellee.

CADENA, Justice.

This is an appeal by Block Distributing Company and other holders of Wholesaler's Permits issued under the provisions of the Texas Liquor Control Act, Tex.Ann. Penal Code, Article 666–15, Subdivision (6), and by Crawford C. Martin, Attorney General of the State of Texas, from a summary judgment rendered by a district court of Bexar County declaring unconstitutional Article 666–15½, Subdivision A(9)(b), which makes it unlawful for the holder of a Nonresident Seller's Permit to solicit, accept, or fill any order for any distilled spirits or wine unless the permit holder is ". . . the primary American source of supply for the brand of distilled spirits or wine sold or sought to be sold."

At the outset, appellants here contend that the trial court should have dismissed the suit of appellee, Jerry F. Rutledge, d/b/a Capitol Beverage Company, plaintiff below, because there is no justiciable controversy

between such plaintiff and the defendant against whom this suit was originally filed, Major Brands of Texas, Inc. Plaintiff's brief in this Court contains no response to these points, nor does he challenge any of the statements contained in the briefs of appellants relating to this question. See Rule 419, Texas Rules of Civil Procedure.

In his petition, naming Major Brands as the sole defendant, plaintiff, a resident of the State of Oklahoma and holder of a Nonresident Seller's Permit issued under the provisions of the Liquor Control Act, alleged that on June 2, 1971, plaintiff and defendant entered into a written contract binding plaintiff to sell to defendant, and defendant to buy from plaintiff, specified amounts of various types of distilled spirits and wines. Plaintiff is not the "primary American source of supply" for any of the brands of distilled spirits or wines specified in the contract. Plaintiff alleged that because of the provisions of Article 666–15½, Subdivision A(9)(b), he could not perform his contractual obligation to sell whiskey and wine to defendant, and sought a declaration that such legislation is unconstitutional.

Within 27 minutes after plaintiff filed his petition, defendant sought and obtained permission to file a cross-action against the Texas Alcoholic Beverage Commission (the State agency whose function it is to administer the Liquor Control Act), and filed its answer to plaintiff's petition and its cross-action against the Commission. In answer to plaintiff's petition, defendant merely entered an appearance and prayed that the court enter the judgment it deemed proper. Defendant's cross-action against the Commission, for all practical purposes, parroted plaintiff's original petition and asked for judgment declaring the statutory provision involved here unconstitutional for the same reasons alleged in plaintiff's petition.

About four weeks later, on July 26, 1971, plaintiff filed a motion for summary judg-ment, supported by the affidavit of defendant's vice-president. On the same day, after having obtained leave of court to do so, defendant dismissed its cross-action against the Alcoholic Beverages Commission.

The Attorney General entered the suit under the provisions of the Declaratory Judgment Act, Article 2524–1, § 11, Tex. Rev.Civ.Stat.Ann., since the constitutionality of a state statute was being challenged. The Attorney General filed a motion to dismiss plaintiff's suit, on the ground that the pleadings of plaintiff and defendant showed that there was no justiciable controversy between them. This motion was granted, but the trial court granted *defendant's* motion for leave for *plaintiff* and defendant to amend their pleadings.

Five days later, on August 18, 1971, plaintiff filed his first amended original petition. One minute later, defendant filed its amended answer, this time containing a general denial, and a cross-action against plaintiff. One minute later, plaintiff filed his answer to defendant's cross-action. Again, one minute later, plaintiff filed his amended motion for summary judgment, supported by unsworn stipulations between plaintiff and defendant. Defendant did not resist the motion for summary judgment.

The Attorney General again moved to dismiss plaintiff's suit, on the grounds that there was no justiciable controversy between plaintiff and defendant and that the suit was collusive. On September 13, 1971, Block Distributing Company and the other appellants asked and obtained leave to intervene. These intervenors adopted the pleadings of the Attorney General.

The record establishes the following: Plaintiff and defendant were anxious to test the validity of the legislation in question. Defendant's attorney, who was also defendant's president, suggested that plaintiff retain the services of the attorney who represented plaintiff in this case for the

purpose of filing suit against defendant. The attorney for plaintiff never saw his client personally and only talked to him by telephone. All of the pleadings in the case were prepared by the law firm representing defendant. Counsel for plaintiff merely signed these pleadings. At the hearing on the Attorney General's first motion to dismiss plaintiff's suit, counsel for plaintiff announced in open court that defendant's counsel had briefed the questions involved extensively and would present the argument on behalf of plaintiff. During the course of his argument, counsel for defendant, arguing on behalf of plaintiff, contended that the legislation in question is unconstitutional. He also made the statement that defendant agreed that plaintiff's contentions were "right."

The record affirmatively discloses that there was never a justiciable controversy between plaintiff and the nominal defendant. Defendant not only failed to resist its adversary's motion for summary judgment, but refrained from appealing when such motion was granted. As between plaintiff and defendant, it is clear that there was complete agreement that the statute is unconstitutional. Counsel for defendant not only prepared plaintiff's pleadings, but in open court argued in support of plaintiff's contentions.

Since there was no actual, bona fide, real or justiciable controversy between plaintiff and defendant, relief by way of declaratory judgment is unavailable and, when these facts were made known to the court, plaintiff's suit should have been dismissed. Board of Water Engineers v. City of San Antonio, 155 Tex. 111, 283 S.W.2d 722 (1955); Slinker v. Superior Ins. Co., 440 S.W.2d 730 (Tex.Civ.App.—Dallas 1969, writ dism'd); State v. Margolis, 439 S.W.2d 695 (Tex.Civ.App.—Austin 1969, writ ref'd n. r. e.); 1 Anderson, Declaratory Judgments (2d ed.) 47.

The judgment of the trial court is reversed and plaintiff's suit is dismissed.