

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

## NUMBER 13-08-641-CV

PROPERTY OWNERS WHO CARE-SOUTH                    Appellants,
PADRE ISLAND, MICHAEL BOSWELL,
AND ALAN DAY,

v.

LAGUNA MADRE ENHANCEMENT GROUP, L.P.
AND COUNTY OF CAMERON, TEXAS,                     Appellees.

## NUMBER 13-08-748-CV

PROPERTY OWNERS WHO CARE-SOUTH                    Appellants,
PADRE ISLAND, MICHAEL BOSWELL, ALAN DAY,
SEA TURTLE, INC. AND FRIENDS OF LAGUNA
ATASCOSA NATIONAL WILDLIFE REFUGE, INC.

v.

LAGUNA MADRE ENHANCEMENT GROUP, L.P.
AND COUNTY OF CAMERON, TEXAS,                     Appellees.

### On appeal from the 404th District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

## Before Justices Rodriguez, Garza, and Vela
## Memorandum Opinion by Justice Vela

This is an appeal from a declaratory judgment filed by appellee, Laguna Madre Enhancement Group, L.P. ("Laguna Madre"), against appellee, Cameron County (the "County"). Appellants, South Padre Island Property Owners Who Care (the "Property Owners"), Michael Boswell and Alan Day, attempted to intervene, but their interventions were struck. Appellants, Sea Turtle, Inc. and Friends of Laguna Atascosa National Wildlife Refuge, successfully intervened in the lawsuit (collectively "appellants" or "Sea Turtle"). By four issues, appellants complain that: (1) the trial court erred in not dismissing the case for lack of jurisdiction because there was no justiciable controversy between Laguna Madre and the County; (2) Laguna Madre failed to comply with section 26.001 of the Texas Parks and Wildlife Code; (3) the trial court improperly granted a declaratory judgment on property that conditioned conveyance upon its use for park purposes only; and (4) the trial court erred in striking the intervention of the Property Owners, Boswell, and Day. We vacate the judgment of the trial court and dismiss the case for lack of jurisdiction.

## I. BACKGROUND

Laguna Madre filed an action against the County, pursuant to the Texas Declaratory Judgment Act, to obtain a judgment concerning a lease under which it leased twenty-seven acres of land from the County. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 37.004 (Vernon 2008). The lease in question, titled "Amended and Restated Isla Blanca Concession Lease Agreement," was entered into by Laguna Madre and the County on August 15, 2006. In March of 2005, the parties had entered into a lease that would have

2

covered additional acreage. Both Laguna Madre and the County agree that the August 2006 lease superseded the 2005 lease for all purposes. The 2006 lease agreement purported to lease the twenty-seven acres for fifty years and provided for two extended terms of twenty-five years each by notifying the County, in writing, of the intent to exercise the option. The lease required that as a condition precedent "a judicial determination ruling that the use of the Leased Premises for the activities stated herein is a valid use of County property and is not in violation of any restrictive covenants or statutes applicable thereto."

The pleading, filed by Laguna Madre, stated that one of the main purposes of acquiring the lease was to build more hotels, as well as to build and operate shopping, sports, and entertainment facilities. The petition stated that the lease also contemplated constructing a gambling casino and conducting gaming activities, if such uses were permitted by law. The pleadings also suggested that questions had arisen about permitted uses of the leased tract, including whether: (1) any portion of the tract could be used for gaming; (2) hotels could be built on the tract; (3) restaurants could be opened on the tract; (4) there were any impediments to construction of an operation of a retail facility; (5) there existed any restriction previously enacted that would prohibit Laguna Madre from engaging in permitted uses; and (6) Laguna Madre had violated any provision of any deed restriction or any County-imposed restrictions.

After the County answered the lawsuit, the Property Owners, Boswell, and Day attempted to intervene. Laguna Madre moved to strike the intervention. The County joined in Laguna Madre's motion to strike. Sea Turtle later filed a plea in intervention claiming that the lease was unlawful, and a plea to the jurisdiction, asserting that no justiciable controversy existed between the County and Laguna Madre. The trial court allowed Sea Turtle to intervene, but did not grant its plea to the jurisdiction.

3

The trial court heard two days of testimony. The 2006 lease was introduced into evidence. In the lease, the County agreed that it would not undertake legal action to have the lease declared void and that it would join Laguna Madre in defending any third party challenge to the lease's validity. At trial, Javier Mendez, the park director for Cameron County, testified that the County and Laguna Madre had resolved all of the contractual differences that existed prior to the entry of the amended lease on August 15, 2006. He agreed that all the differences between the county and the developer about the validity and interpretation of the lease had been resolved. Mendez stated that both the County and Laguna Madre wanted the same thing, and that the County was highly motivated to declare the lease valid. Similarly, Doyle Wells, president of South Coast Development, the general partner of Laguna, testified that there were no concerns between Laguna Madre and the County with respect to the validity, legality or interpretation of the 2006 lease.

The trial court entered a detailed judgment in which it declared that: (1) Cameron County properly issued a request for proposal for the development of South Padre Island; (2) Laguna Madre timely submitted its proposal and the amended lease of August 15, 2006, constituting a legal and lawfully binding agreement between the County and Laguna Madre and that the amended lease was in compliance "with all applicable laws and statutes"; (3) Laguna Madre was entitled to use the twenty-seven acre tract for the construction of condominiums and time-share facilities, and such uses were also authorized by the terms of the amended lease; (4) an alleged restriction within one of the deeds did not prohibit Laguna Madre from using the tract from any of the uses stated in the lease; (5) in 1954, Cameron County Commissioners Court adopted a zoning ordinance for South Padre Island establishing the permitted uses of all real property owned by the County on South Padre Island and, since that time, subsequent commissioners' courts

4

have leased land for commercial use; (6) the twenty-seven acre tract was in conformance with all applicable laws; and (7) Sea Turtle had no right or interest in any portion of the twenty-seven acre tract. The Property Owners, Day, Boswell, and Sea Turtle appeal the trial court's order granting the declaratory judgment.

## II. APPLICABLE LAW

A suit under the declaratory judgment act is appropriate only if: (1) a justiciable controversy exists as to the rights and status of the parties; and (2) the controversy will be resolved by the declaration sought. *Tex. Dep't of Pub. Safety v. Moore,* 985 S.W.2d 149, 153 (Tex. App.–Austin 1998, no pet.). The act does not confer jurisdiction, but makes declaratory judgment available as a remedy for a cause of action already within the court's jurisdiction. *Chenault v. Phillips,* 914 S.W.2d 140, 141 (Tex. 1996); *Reynolds v. Reynolds,* 86 S.W.3d 272, 275 (Tex. App.–Austin 2002, no pet.). The declaratory judgment act provides:

> A person interested under a deed, will, written contract, or other writings constituting a contract or whose rights, status, or other legal relations are affected by a statute, municipal ordinance, contract, or franchise may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract, or franchise and obtain a declaration of rights, status, or other legal relations thereunder.

TEX. CIV. PRAC. & REM. CODE ANN. § 37.004(a) (Vernon 2008).

Moreover, a justiciable controversy need not be a fully ripened cause of action in order to confer jurisdiction upon a court. *Reynolds,* 86 S.W.3d at 276 (citing *Moore,* 985 S.W.2d at 153). Here, both the County and Laguna Madre argue that the "ripening seeds" of a controversy exists. The "ripening seeds" of a controversy exist when the facts show that litigation is imminent and inevitable, rather than hypothetical or abstract. *City of Austin v. City of Cedar Park*, 953 S.W.2d 424, 430-31 (Tex. App.–Austin 1997, no writ). *See Ainsworth v. Oil City Brass Works,* 271 S.W.2d 754, 760-61 (Tex. Civ. App.–Beaumont

5

1954, no writ) (equating "ripening seeds" with threatened, unavoidable litigation in immediate future). To confer jurisdiction, the fact situation must manifest the ripening seeds of a controversy even though the differences between the parties regarding their legal rights have not reached the state of an actual controversy. *See Moore,* 985 S.W.2d at 153-54 (citing *Ainsworth,* 271 S.W.2d at 761).

Whether a court has jurisdiction over a declaratory judgment action is a question of law, which we review de novo. *Tex. Dep't of Transp. v. City of Sunset Valley,* 146 S.W.3d 637, 646 (Tex. 2004). The general test for standing in Texas requires that there be a real controversy between the parties that will actually be decided by the declaration sought. *Tex. Ass'n of Bus. v. Tex. Air Control Bd.,* 852 S.W.2d 440, 446 (Tex. 1993); *Bonham State Bank v. Beadle,* 907 S.W.2d 465, 467 (Tex. 1995). To constitute a justiciable controversy, there must exist a real and substantial controversy involving a genuine conflict of tangible interests and not merely a theoretical dispute. *Beadle,* 907 S.W.2d at 467; *see Empire Life Ins. Co. v. Moody,* 584 S.W.2d 855, 858 (Tex. 1979) (determining that a judgment under the Declaratory Judgment Act depends on a finding that the issues are not hypothetical or contingent, and that the questions presented must resolve an actual controversy, although such questions may in the future require adjudication). The act does not "license litigants to fish in judicial ponds for legal advice." *Cal. Prods., Inc. v. Puretex Lemon Juice, Inc.*, 334 S.W.2d 780, 781 (Tex. 1960).

### III. ANALYSIS

On appeal, Sea Turtle urges that the trial court had no jurisdiction to issue a declaratory judgment because there was no justiciable controversy between the County and Laguna Madre. We agree. The lease, as amended, states that the parties reached a compromise and settlement of "all matters in contention." The County further agreed in

6

the lease that it would never take action to have the lease declared void and would join in defending against any effort to challenge the lease's validity. The parties agreed at trial that there was no controversy between them. Laguna Madre argued that it sought clarification as to the scope of the permitted uses of the property. Wells stated that Laguna Madre was seeking a determination of "whether or not uses under the Lease, casino gambling if it's legalized, as well as uses on the various [tracts] that are outlined here for hotel/motel purposes are permitted uses under the law." Although Laguna Madre points out that it sought the trial court's guidance to construe several possible permitted uses of the property, there was nothing before the trial court to indicate that there was any present controversy between the County and Laguna Madre concerning any of the permitted uses of the property.

The County contends that the justiciable controversy need not be "fully ripened" and that a trial court is not deprived of jurisdiction even when the facts of the case are largely undisputed. *See Huffhines v. State Farm Lloyds,* 167 S.W.3d 493, 496 (Tex. App.–Houston [14th Dist.] 2005, no pet.). In *Huffhines*, State Farm sought a declaratory judgment to determine whether it owed a duty to defend an insured. While some of the facts in *Huffhines* may have been undisputed, a clear dispute existed among the parties with respect to whether or not State Farm had a duty to defend the underlying lawsuit; thus, there was a justiciable controversy that was properly the subject of a declaratory judgment. Here, Laguna Madre was, in actuality, seeking an advisory opinion from the Court as a pre-emptive measure against potential future problems.

It does not appear that there was ever a justiciable controversy between Laguna Madre and the County. A similar factual scenario arose in *Block Distributing Company v. Rutledge*. *See* 488 S.W.2d 479 (Tex. Civ. App.–San Antonio 1972, no writ). In *Block*, the

7

plaintiff sought a declaratory judgment against a defendant in a case where there was no disagreement between the parties. *Id*. at 479-80. Similar to this case, dismissal was sought by a party who intervened. The *Block* court stated that when there is no actual controversy between the parties, relief by way of a declaratory judgment was unavailable and the trial court should have dismissed the case. *Id*. at 481.

We agree that there was no justiciable controversy between the County and Laguna Madre at the time the petition was filed and that the trial court should have dismissed the case for lack of subject-matter jurisdiction. Accordingly, we sustain appellant's first issue.

## IV. CONCLUSION

Because there was no justiciable controversy between Laguna Madre and the County, we vacate the judgment of the trial court and dismiss the case for lack of subject matter jurisdiction. We do not reach any other issues raised by appellants as they are not necessary to the final disposition of this appeal. *See* TEX. R. APP. P. 47.1.


ROSE VELA
Justice



Memorandum Opinion delivered and
filed this 6th day of August, 2009.