

NUMBER 13-14-00095-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

| | |
|---|---|
| **JAMIE HARVEL AND THE AUSTIN POLICE ASSOCIATION,** | **Appellants,** |
| **v.** | |
| **TEXAS DEPARTMENT OF INSURANCE-DIVISION OF WORKERS' COMPENSATION, AND COMMISSIONER ROD BORDERLON, IN HIS OFFICIAL CAPACITY,** | **Appellees.** |

## On appeal from the 53rd District Court
## of Travis County, Texas.

## OPINION[1]

### Before Justices Benavides, Perkes and Longoria

---

[1] On motion by appellants, the Court, sitting *en banc*, withdraws its memorandum opinion and judgment issued on May 21, 2015, designates that memorandum opinion as an "opinion," and reissues said opinion without further change. *See* TEX. R. APP. P. 47.6.

## Opinion by Justice Longoria

Officer Jamie Harvel and the Austin Police Association, appellants, bring this interlocutory appeal challenging a plea to the jurisdiction granted in favor of appellees, the Division of Workers' Compensation of the Texas Department of Insurance ("the Division") and the Commissioner of Workers' Compensation David Mattax, in his official capacity.[2] We affirm the trial court's order granting the plea and dismissing for lack of jurisdiction.

### I. BACKGROUND[3]

The Austin Police Department normally assigned Officer Harvel to work at the police station located in downtown Austin. In May of 2012, he was temporarily reassigned to a training camp located in a different part of Austin to serve as a firearms instructor. On the morning of May 4, 2012, Officer Harvel was traveling from his home to that training camp on his personal motorcycle. A car attempting to turn left failed to yield the right of way and collided with Officer Harvel, who sustained "significant injuries" as a result.

The City of Austin, which self-insures, denied Officer Harvel's claim for workers's compensation benefits. Officer Harvel challenged that decision and received a contested case hearing before a Division hearing officer. *See* TEX. LAB. CODE ANN. § 410.151 (West, Westlaw through 2013 3d C.S.). The hearing officer issued an order that denied coverage and made findings of fact and conclusions of law that Officer Harvel was not acting within

---

[2] At the time appellants perfected this appeal the Commissioner of Workers' Compensation was the Hon. Rod Borderlon. Pursuant to Rule 7.2, we automatically substitute the name of his successor in that office, the Hon. Ryan Brannan. *See* TEX. R. APP. P. 7.2.

[3] This case is before this Court on transfer from the Third Court of Appeals in Austin pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West, Westlaw through 2013 3d C.S.).

the course and scope of his employment at the time of his injury. Officer Harvel challenged the order, but it became final after the Division appeals panel did not enter a decision. *See id.* § 410.204(c) (West, Westlaw through 2013 3d C.S.) (providing that the order of a hearing officer in a contested case becomes final if the appeals panel fails to rule on the claimant's challenge to the order).

Officer Harvel filed suit for judicial review of the Division's final order in Travis County district court. *See id.* § 410.251 (authorizing a suit for judicial review of a final order of the Division in a contested case hearing) (West, Westlaw through 2013 3d C.S.). Officer Harvel's suit named appellees and the City of Austin as defendants. Officer Harvel requested that the trial court overturn the Division's final order and determine that he was in the course and scope of his employment when another person illegally turned in front of him and caused his injuries. He challenged all adverse "findings, conclusions and decisions" of the Division and requested the trial court to determine that he is entitled to workers's compensation benefits because his injuries were work-related. In the same pleading, Officer Harvel sought two declarations under the Uniform Declaratory Judgment Act (UDJA). *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 37.001–.011 (West, Westlaw through 2013 3d C.S.) (providing the procedures for seeking a declaratory judgment). Officer Harvel requested a declaration that under the Texas Workers' Compensation Act and the "Texas Peace Officer Statutes" a peace officer "is immediately in the course and scope of their employment upon observing an illegal act especially within their jurisdiction." *See* TEX. CODE CRIM. PROC. ANN. art. 2.12 (West, Westlaw through 2013 3d C.S.).[4] Officer Harvel sought a second declaration that employer-

_____

[4] Article 2.13 of the Texas Code of Criminal Procedure provides that it is "the duty of every peace officer to preserve the peace within the officer's jurisdiction" and that all peace officers shall "in every case

3

directed travel for purposes of the Texas Workers' Compensation Act "need not be just from one work place to another location but that an employee traveling at the direction of the employer from home to a specially assigned work location is in the course and scope of his employment while traveling."

Appellees filed a plea to the jurisdiction asserting that they are not proper parties to Officer Harvel's suit for judicial review and that sovereign immunity bars Officer Harvel's requests for declaratory relief. The Austin Police Association ("the Association")[5] filed a plea in intervention and a request for declaratory relief seeking the same declarations as Officer Harvel. After the Association intervened, appellees filed a second plea to the jurisdiction incorporating the arguments in their first plea and further asserting that the Association had no standing to seek a declaratory judgment.

The trial court granted appellees's plea to the jurisdiction and dismissed appellants's claims against appellees in both suits.[6] Appellants timely brought this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West, Westlaw through 2013 3d C.S.) (permitting an interlocutory appeal of an order granting or denying a plea to the jurisdiction by a government unit).

## II. STANDARD OF REVIEW & APPLICABLE LAW

A plea to the jurisdiction challenges a trial court's subject matter jurisdiction over a case. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam). Whether subject matter jurisdiction exists is a question of law that we review de novo. *Id.*

---

authorized by the provisions of this Code, interfere without warrant to prevent or suppress crime." TEX. CODE CRIM. PROC. ANN. art. 2.13 (West, Westlaw through 2013 3d C.S.).

[5] The Association described itself in its plea in intervention as "being composed of over 1,600 police officers" employed by the City of Austin, including Officer Harvel.

[6] The City of Austin did not file a plea to the jurisdiction and is not a party to this appeal.

4

The burden is on the plaintiff to demonstrate the trial court's jurisdiction. *Heckman v. Williamson County*, 369 S.W.3d 137, 150 (Tex. 2012). When a plea to the jurisdiction challenges the pleadings, our task is to determine if the pleader has alleged facts that affirmatively demonstrate the trial court's jurisdiction. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). We begin our analysis of a plea to the jurisdiction with the live pleadings. *Heckman*, 369 S.W.3d at 150. We may also consider evidence submitted to negate the existence of jurisdiction and must do so when the evidence necessarily resolves the jurisdictional issue. *Id.* We construe the pleadings liberally, accepting all factual allegations as true, and look to the intent of the pleader. *Id.* We must grant the plea if the pleadings affirmatively negate the existence of jurisdiction. *Miranda*, 133 S.W.3d at 227. If the pleadings do not contain sufficient facts to demonstrate jurisdiction but also do not affirmatively negate it, the issue is one of pleading sufficiency. *Id.*

Sovereign immunity generally deprives the trial court of jurisdiction over a lawsuit in which the party has sued the State or a state agency unless the Legislature has waived immunity. *Tex. Parks & Wildlife Dep't. v. Sawyer Trust*, 354 S.W.3d 384, 388 (Tex. 2011). The UDJA is not a general waiver of sovereign immunity but does provide a narrow waiver of immunity for claims challenging the validity of ordinances or statutes. *Id.*; *City of El Paso v. Heinrich*, 284 S.W.3d 366, 373 n.6 (Tex. 2009). However, the UDJA does "not waive the state's sovereign immunity when the plaintiff seeks a declaration of his or her rights under a statute or other law." *Tex. Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621 (Tex. 2011) (per curiam) (citing *Heinrich*, 284 S.W.3d at 372–73); *accord Abbott v. G.G.E*, No. 03-11-00338-CV, ___ S.W.3d ____, 2015 WL 1968262, at *13 n.14 (Tex. App.—

5

Austin Apr. 30, 2015, no. pet. h.). Related to this rule is the *ultra vires* exception, which permits private parties to bring claims against state officials for nondiscretionary acts unauthorized by law. *Sefzik*, 355 S.W.3d at 621. Such lawsuits are not "against the State" and therefore not barred by sovereign immunity. *Id.*; *see Heinrich*, 284 S.W.3d at 373.

### III. OFFICER HARVEL'S SUIT FOR JUDICIAL REVIEW

Officer Harvel's petition sought both judicial review of the Division's final order denying him workers's compensation benefits and a declaratory judgment. Judicial review of a final agency order and a UDJA action are separate proceedings authorized and governed by different statutes. *See* TEX. LAB. CODE ANN. § 410.251 (authorizing judicial review of a final order of the Division once the claimant has exhausted all administrative remedies); TEX. CIV. PRAC. & REM. CODE ANN. § 37.003 (authorizing a suit for a declaratory judgment). Appellees filed a plea to the jurisdiction challenging the trial court's jurisdiction over them in both suits, but appellants did not address why appellees are proper parties to Officer Harvel's suit for judicial review as distinguished from appellants's UDJA action in their briefs to this Court. The appellant's brief must contain a clear and concise argument for the party's contest accompanied by appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i); *see Strange v. Cont'l Cas. Co.*, 126 S.W.3d 676, 678 (Tex. App.—Dallas 2004, pet. denied) ("An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review."). To the degree that Officer Harvel raises an issue that appellees are proper parties to his suit for judicial review, we overrule it as inadequately briefed. *See* TEX. R. APP. P. 38.1(i); *Strange*, 126 S.W.3d at 678.

6

## IV. DECLARATORY RELIEF

We next turn to appellants's argument that sovereign immunity does not bar their UDJA action against the Division and the Commissioner.

Appellants sought two declarations under the UDJA: (1) that a peace officer who witnesses an illegal act is immediately within the course and scope of his or her employment; and (2) that employer-directed travel includes an "employee traveling at the direction of the employer from home to a specially assigned work location." Sovereign immunity bars both claims because appellants seek a declaration of their rights under a statute but do not challenge the validity of any statute or ordinance. *See Sefzik*, 355 S.W.3d at 621. Appellants assert that the Texas Supreme Court permitted a similar UDJA action to continue in *Texas Lottery Commission v. First State Bank of DeQueen*, but that case is distinguishable and does not support appellants's argument. 325 S.W.3d 628, 633–34 (Tex. 2010). *Texas Lottery Commission* involved whether provisions of the Uniform Commercial Code invalidated certain sections of the Texas Lottery Act. *Id.* at 634. Thus, *Texas Lottery Commission* fits into the narrow UDJA waiver of sovereign immunity for suits challenging the validity of statutes which the Texas Supreme Court recognized in *Heinrich*. *See id.* at 635 ("Because the claim at issue here is not one involving a government officer's action or inaction, but is a challenge to a statute, this is not an *ultra vires* claim to which a government officer should have been made a party"); *see also Heinrich*, 284 S.W.3d 372–73. Appellants's UDJA action is more akin to the one the Austin Court of Appeals addressed in *Trinity Settlement Services, LLC v. Texas State Securities Board*, where Trinity sought a declaratory judgment of its rights and status under the Texas Securities Act. 417 S.W.3d 494, 503 (Tex. App.—Austin 2013, pet.

7

denied).  The court of appeals held that sovereign immunity barred Trinity's claims for declaratory judgment against the Texas State Securities Board because Trinity sought only a declaration of its rights and status under the Act.  *Id.* (citing *Sefzik*, 355 S.W.3d at 621).  Appellants seek similar relief in the case at bar:  a declaration of their rights under a statute.  Without a legislative waiver, sovereign immunity bars appellants's suit.[7]  Appellants have not directed us to any legislative waiver of immunity for their suit, and we have found none.  We conclude that the trial court did not err in granting appellees's plea to the jurisdiction.[8]  *See Sefzik*, 355 S.W.3d at 621; *Trinity Settlement Servs.,* 417 S.W.3d at 503; *see also City of McKinney v. Hank's Rest. Group, L.P.*, 412 S.W.3d 102, 113 (Tex. App.—Dallas 2013, no pet.) (holding that the UDJA did not waive immunity for the appellee's claims "seeking interpretations of City ordinances, declarations of HRG's statutory rights and declarations that City officials have violated or are violating the law").

When we hold that the trial court is without subject-matter jurisdiction, we allow a plaintiff to replead if the defect can be cured.  *See Miranda*, 133 S.W.3d at 226–227.  We will not afford Officer Harvel an opportunity to replead because the relief requested under the UDJA Act mirrors the relief he requested in the suit for judicial review.  When a plaintiff "has invoked a statutory means of attacking an agency order, a trial court lacks jurisdiction

---

[7] We note that unlike *Sefzik,* appellants brought suit against a state official, the Commissioner of Workers' Compensation.  However, appellants do not allege that the Commissioner acted *ultra vires* or request that we remand to afford appellants an opportunity to plead an *ultra vires* suit.  *See Tex. Dep't. of Transp. v. Sefzik*, 355 S.W.3d 618, 623 (Tex. 2011) (per curiam) (affirming a plea to the jurisdiction but remanding to permit the plaintiff to plead an *ultra vires* suit).

[8] Appellants assert numerous times in their appellate briefs that a UDJA action in which the Commissioner and the Division are parties is the only way to bind the Commissioner and the Division to apply the declarations appellants seek in subsequent contested case proceedings.  Appellants do not explain why the Division and the Commissioner would not be bound to apply a district court decision agreeing with Officer Harvel that the Texas Code of Criminal Procedure places police officers in the course and scope of their employment as soon as they witness a violation of the law.  In any event, we have concluded that the trial court correctly concluded that it lacked jurisdiction over this appeal.  A court without jurisdiction has no choice but to dismiss the case.  *See State v. Morales*, 869 S.W.2d 941, 949 (Tex. 1994).

over an additional claim under the UDJA that would merely determine the same issues and provide what is substantively the same relief that would be provided by the other statutory remedy." *Tex. Dep't of State Health Servs. v. Balquinta*, 429 S.W.3d 726, 746 (Tex. App.—Austin 2014, pet. dism'd); *SWEPI LP v. R.R. Com'n of Tex.*, 314 S.W.3d 253, 268 (Tex. App.—Austin 2010, pet. denied). Both Officer Harvel's suit for judicial review and his UDJA action seek rulings that (1) a peace officer is in the course and scope of employment as soon as the officer witnesses an illegal act and (2) that employer-directed travel for purposes of the Texas Workers' Compensation Act includes travel from the employee's home to a specially-assigned work location. If Officer Harvel was successful on either suit he would receive substantively the same relief: reversal of the final order denying him workers's compensation benefits. The pleadings have affirmatively negated jurisdiction because the declarations Officer Harvel seeks under the UDJA action are duplicative of his suit for judicial review. *See Balquinta*, 429 S.W.3d at 746; *SWEPI*, 314 S.W.3d at 268.

We will not afford the Association an opportunity to replead because the pleadings conclusively demonstrate the absence of a justiciable controversy between the Association and appellees. *See Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163–64 (Tex. 2004). The trial court has jurisdiction to address a suit for declaratory relief only if a justiciable controversy exists regarding the rights and status of the parties actually before the court and the declaration sought will actually resolve the controversy. *Id.* A justiciable controversy involves a real and substantial conflict of tangible interests and not merely a theoretical or hypothetical dispute. *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995); *see Trinity Settlement Servs.*, 417 S.W.3d at 505 (observing that a

justiciable controversy does not exist if a case requires the trial court to "pass upon hypothetical or contingent situations, or to determine questions not then essential to the decision of an actual controversy, although such actions may in the future require adjudication"). The Association seeks a declaration that would apply to all of its police officers, but none of those officers except for Officer Harvel are before the Court. At best, the Association has identified hypothetical disputes which are likely to occur between the Division and its member officers in the future if one of the officers is injured. While it is certainly possible that one of the Association's member officers could be injured when traveling to work in a manner similar to Officer Harvel's experience, such an injury is merely hypothetical at this point. *See Bonham State Bank*, 907 S.W.2d at 467. We conclude that the pleadings affirmatively negate the existence of jurisdiction because the Association has not shown that any possible injury is "imminent, direct, and immediate, and not merely remote, conjectural, or hypothetical." *See Rea v. State*, 297 S.W.3d 379, 383 (Tex. App.—Austin 2009, no pet.). We will not afford the Association an opportunity to replead.

## V. Conclusion

We affirm the trial court's order granting the plea to the jurisdiction.


NORA LONGORIA,
Justice


Delivered and filed the
11th day of June, 2015.


10