**AFFIRMED; Opinion Filed December 30, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00195-CV

### DR. ERIC VANDERWERFF, D.C., Appellant
### V.
### TEXAS DEPARTMENT OF INSURANCE-DIVISION OF WORKERS' COMPENSATION, Appellees

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-14-02886-D**

## MEMORANDUM OPINION

Before Justices Bridges, Francis, and Myers
Opinion by Justice Myers

Dr. Eric Vanderwerff, D.C., brings this interlocutory appeal of the trial court's grant of the plea to the jurisdiction filed by Texas Department of Insurance–Division of Workers' Compensation.[1] In a single issue, appellant contends the trial court erred by granting the Division's plea to the jurisdiction. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2015). We affirm the trial court's order granting the plea to the jurisdiction.

---

[1] Appellant's notice of appeal and brief on appeal also names as an appellee the Commissioner of Workers' Compensation, Ryan Brannan, in his official capacity. However, the Commissioner was not a party to the Division's plea to the jurisdiction. The Commissioner was not named as a party by appellant until after the Division filed its plea to the jurisdiction, the District did not amend its plea to the jurisdiction to refer to allegations brought against the Commissioner, the Commissioner did not join the plea to the jurisdiction, and the trial court's order granting the plea to the jurisdiction and dismissing the District does not mention the Commissioner. Any claims appellant has against the Commissioner remain pending in the trial court. *Cf. Harvel v. Tex. Dep't of Ins.—Div. of Workers' Compensation*, No. 13-14-00095-CV, 2015 WL 3637823, *2 (Tex. App.—Corpus Christi June 11, 2015, pet. filed) (both Division and Commissioner filed plea to the jurisdiction).

**BACKGROUND**

Appellant is a chiropractor, and he treated a workers' compensation claimant. The workers' compensation carrier was Travelers Indemnity Company of Connecticut. Appellant alleged that Travelers paid him for some of the medical care he provided but that Travelers disputed subsequent medical care because the claimant was covered under its workers' compensation health-care network and appellant was not a health-care provider within that network. Appellant alleged Travelers had preauthorized most of the care he provided and for which Travelers subsequently denied coverage. Appellant brought an administrative medical dispute resolution action seeking a determination that he was entitled to payment by Travelers for the health-care services he provided. *See* TEX. LAB. CODE ANN. § 413.031 (West 2015). The Division abated that action to determine whether the claimant was required to comply with the requirements of the health-care network because Travelers and the claimant's employer allegedly failed to provide the claimant with proper, sufficient, and timely notice of the health-care network and a list of the network's health-care providers as required by statute. *See* TEX. INS. CODE ANN. § 1305.451(b)(12) (West Supp. 2015).

According to the underlying administrative decisions in this case, when the claimant was hired by his employer, he signed a "Workers' Compensation Health Care Network Employee Acknowledgement Form," which noted the claimant must choose a treating physician from the list of doctors in the health-care network. The carrier alleged in the administrative proceedings that the materials provided to the claimant included information about finding a treating doctor by telephoning the network, going to the network's website, or asking the claimant's employer for a list of the network's health-care providers.

The Division's hearing officer determined that neither Travelers nor the claimant's employer had provided the claimant with proper notice of the health-care network as required by

statute. The hearing officer ordered Travelers to pay benefits consistent with the decision. Travelers appealed the hearing officer's decision to the Division's appeals panel, which reversed the hearing officer's decision. The appeals panel stated that the information provided to the claimant included an electronic link to the list of network health-care providers. The panel stated that this information complied with the requirements of section 1305.451(b)(12) because an administrative rule permits the notice of network requirements to be in an electronic format as long as a paper version is available on request, and the evidence did not indicate that the claimant had requested a paper version. The appeals panel "render[ed] a new decision that the employer properly provided the claimant with the information required by Insurance Code Section 1305.451."

Appellant then filed suit in district court seeking judicial review of the Division's determination. *See* TEX. LAB. CODE ANN. § 410.251 (West 2015). Appellant also asserted several claims for declaratory judgment. Appellant filed a proposed judgment with the Division. *See id.* § 410.258(a), (d). The Division timely filed a plea in intervention asserting appellant's claims for declaratory judgment and any claims not pursued in the administrative proceedings were improper and should be dismissed. *See id.* §§ 410.254, 410.258(b), (c). The Division also filed a plea to the jurisdiction asserting that the only issue over which the trial court had jurisdiction was appellant's suit for judicial review of the Division's determination that the employer and Travelers properly provided the claimant with the information required by section 1305.451 of the Texas Insurance Code. Appellant amended his petition, naming the Division and the Commissioner of Workers' Compensation as defendants to his claims for declaratory

judgment. The trial court granted the Division's plea to the jurisdiction, dismissed the claims for declaratory judgment, and dismissed the Division from the suit.[2]

## JURISDICTION

We review a trial court's ruling on a plea to the jurisdiction de novo. *Suarez v. City of Texas City*, 465 S.W.3d 623, 632 (Tex. 2015). We construe the pleadings liberally in favor of the plaintiff and look to the pleader's intent to determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the cause. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

### Claims for Declaratory Judgment

Appellant pleaded he was seeking judicial review under chapter 410 of the labor code of the appeals panel's decision that the carrier complied with the requirements of section 1305.451 of the insurance code. Appellant also pleaded he was seeking four declarations under the Uniform Declaratory Judgments Act:

> (1) that provision of a network web link is not sufficient and proper notice of health care network providers to a worker;
>
> (2) that an insurance carrier is limited to the grounds timely raised in its written denial of payments absent newly discovered evidence that could not reasonably [be] discovered earlier;
>
> (3) that preauthorized health care treatment is no longer subject to dispute and the insurance carrier is liable for payment of such treatment; and
>
> (4) that an insurance carrier must timely raise a network issue to dispute medical care not performed in a network.

Concerning the first claim for declaratory judgment, the Division argues it is barred by the redundant-remedies doctrine. Under this doctrine,

---

[2] Travelers also filed a plea to the jurisdiction. The trial court granted the plea as to all of appellant's claims except the suit for judicial review of the Division's decision that the claimant's employer "properly provided the claimant with the information required by Insurance Code Section 1305.451." That claim remains pending in the trial court. The trial court's ruling on Travelers' plea to the jurisdiction is not before us in this interlocutory appeal.

–4–

> courts will not entertain an action brought under the UDJA [the Uniform Declaratory Judgments Act] when the same claim could be pursued through different channels. The focus of the doctrine is on the initiation of the case, that is, whether the Legislature created a statutory waiver of immunity that permits the parties to raise their claims through some avenue other than the UDJA.

*Patel v. Tex. Dep't of Licensing & Regulation*, 469 S.W.3d 69, 79 (Tex. 2015).

Appellant's first requested declaration is subject to the redundant-remedies doctrine because the propriety of the requested declaration is identical to the issue pending before the trial court in appellant's suit for judicial review of the administrative decision. *See Harvel v. Tex. Dep't of Ins.–Div. of Workers' Compensation*, No. 13-14-00095-CV, 2015 WL 3637823, at *4 (Tex. App.—Corpus Christi June 11, 2015, pet. filed) (pleadings affirmatively negated jurisdiction because declarations sought were duplicative of suit for judicial review). Accordingly, we conclude the trial court did not err by dismissing this claim.

Concerning the remaining claims for declaratory judgment, the record does not show appellant exhausted his administrative remedies. The Uniform Declaratory Judgments Act does not confer jurisdiction on a trial court; instead, it "is merely a procedural device for deciding cases already within a court's jurisdiction." *Wells Fargo Bank v. Murphy*, 458 S.W.3d 912, 916 (Tex. 2015) (quoting *State v. Morales*, 869 S.W.2d 941, 947 (Tex. 1994)). A party seeking declaratory judgment in court on an issue for which judicial review requires exhaustion of administrative remedies must have exhausted its administrative remedy for the trial court to have jurisdiction over the claim for declaratory judgment. *See Tex. Dep't of Pub. Safety v. Alexander*, 300 S.W.3d 62, 78–80 (Tex. App.—Austin 2009, pet. denied).

The second through fourth declarations appellant seeks all concern his right to payment by the carrier for his treatment of the claimant. "[T]he Legislature has granted to the Division the sole authority to make an initial determination of a medical fee dispute . . . ." *Main Rehabilitation & Diagnostic Ctr., LLC v. Liberty Mut. Ins. Co.*, 376 S.W.3d 825, 832 (Tex.

App.—Dallas 2012, no pet.). The exclusive remedy for such claims is through chapter 413 of the Texas Labor Code. *See* TEX. LAB. CODE ANN. § 413.031(k), (k-1) (West 2015); *Hand & Wrist Ctr. of Houston, P.A. v. SGS Control Servs., Inc.*, 409 S.W.3d 743, 754 (Tex. App.—Houston [1st Dist.] 2013, no pet.). If the health-care provider has exhausted its administrative remedies, then it may bring suit for judicial review "in the manner provided for judicial review of a contested case under Subchapter G, Chapter 2001, Government Code." TEX. LAB. CODE ANN. § 413.031(k-1); *see Main Rehabilitation*, 376 S.W.3d at 830–32. If the party has not exhausted its administrative remedies, then the district court lacks jurisdiction over any claims by a health-care provider for fees owed by a carrier in a workers' compensation case. *See Hand & Wrist Ctr.*, 409 S.W.3d at 752–54.

The Division asserts that appellant's claim under chapter 413 remains pending in the administrative process and that appellant has not exhausted his administrative remedies concerning the subjects of the second, third, and fourth requested declarations. Appellant asserts he has exhausted his administrative remedy regarding these claims, but the record does not support this assertion.[3] Because appellant has not exhausted his administrative remedy, the trial court lacked jurisdiction over these requests for declaratory judgment.

### Dismissal of the State from the Suit for Judicial Review

Appellant also contends the trial court erred by dismissing the Division from the suit for judicial review.[4] The State and its agencies are immune from suit unless the immunity has been expressly waived. *Texas Dep't of Transp. v. Sefzik*, 355 S.W.3d 618, 621–22 (Tex. 2011) (per

---

[3] Appellant cites three cases that, appellant asserts, concluded courts have jurisdiction of claims for declaratory judgment when the party has exhausted its administrative remedies. *See Nat'l Am. Ins. Co. v. Tex. Prop. & Cas. Ins. Guar. Ass'n*, No. 03-09-00680-CV, 2013 WL 4817637, at *3–*6 (Tex. App.—Austin Aug. 28, 2013, no pet.) (mem. op.); *Tex. Dep't of Ins. v. Lumbermens Mut. Cas. Co.*, 212 S.W.3d 870, 875 (Tex. App.—Austin 2006, pet. denied); *Tex. Workers' Comp. Ins. Fund v. Tex. Workers Comp. Comm'n*, 124 S.W.3d 813, 820 (Tex. App.—Austin 2003, pet. denied). Because appellant has not exhausted his administrative remedies as to the second, third, and fourth declarations, those cases do not apply. As for the first declaration, as discussed above, the redundant-remedies doctrine bars this claim.

[4] Appellant also contends the trial court erred by dismissing the Commissioner from the suit for judicial review. As discussed above, the trial court's order did not purport to dismiss the Commissioner. *See supra* note 1. Accordingly, we do not consider appellant's arguments concerning the Commissioner, including appellant's arguments that the Commissioner's actions were ultra vires.

curiam); TEX. GOV'T CODE ANN. § 311.034 (West 2013) (waiver must be effected by "clear and unambiguous language").

Appellant asserts the Division waived its immunity from suit by intervening in the case. The Division's authority to intervene is provided by section 410.254 of the labor code, which provides, "On timely motion initiated by the commissioner, the division shall be permitted to intervene in any judicial proceeding under this subchapter or subchapter G." TEX. LAB. CODE ANN. § 410.254. This provision does not expressly waive the State's immunity. Appellant argues, "Unless an intervention is struck, an intervenor is a party for all purposes and should be considered a party-plaintiff," citing *Texas Workers' Compensation Commission v. Hartford Accident & Indemnity Co.*, 952 S.W.2d 949, 953 (Tex. App.—Corpus Christi 1997, pet. denied). The legislature's consent to the State being a plaintiff is not consent to the State's being sued as a defendant. *Hartford Accident* concerned whether the Commission had standing to intervene; the case did not involve whether the State waived its immunity from suit by intervening. *See id.* Appellant has not shown the State's immunity from suit was waived by section 410.254.

Appellant also asserts the Division's immunity from suit was waived by section 410.255 of the Labor Code, which states,

> (a) For all issues other than those covered under Section 410.301(a), judicial review shall be conducted in the manner provided for judicial review of a contested case under Subchapter G, Chapter 2001, Government Code.

> (b) Judicial review conducted under this section is governed by the substantial evidence rule.

TEX. LAB. CODE ANN. § 410.255. This section also does not waive the Division's immunity from suit. Instead, it sets out the manner of judicial review granted by section 410.251. *Continental Cas. Co. v. Functional Restoration Assocs.*, 19 S.W.3d 393, 398 (Tex. 2000).

We conclude the trial court did not err by dismissing the Division's plea to the jurisdiction. We overrule appellant's issue.

**CONCLUSION**

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

150195F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DR. ERIC VANDERWERFF, D.C.,
Appellant

No. 05-15-00195-CV          V.

TEXAS DEPARTMENT OF
INSURANCE–DIVISION OF WORKERS'
COMPENSATION, Appellee

On Appeal from the 14th Judicial District
Court, Dallas County, Texas
Trial Court Cause No. DC-14-02886-D.
Opinion delivered by Justice Myers. Justices
Bridges and Francis participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee TEXAS DEPARTMENT OF INSURANCE–DIVISION
OF WORKERS' COMPENSATION recover its costs of this appeal from appellant DR. ERIC
VANDERWERFF, D.C.

Judgment entered this 30th day of December, 2015.