

# NUMBER 13-24-00104-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

---

**MINERVA R. SANDOVAL,**                                       **Appellant,**

**v.**

**ELMA NYDIA COMPEAN, AS
INDEPENDENT EXECUTRIX OF
THE ESTATE OF HUGO HINOJOSA,**                   **Appellee.**

---

## ON APPEAL FROM THE 197TH DISTRICT COURT
## OF CAMERON COUNTY, TEXAS

---

# MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Cron and Fonseca[1]
Memorandum Opinion by Justice Fonseca**

Appellant Minerva R. Sandoval challenges the trial court's judgment against her in

---

[1] The Honorable Dori Contreras, former Chief Justice of this Court, and the Honorable Gina M. Benavides, former Justice of this Court, were members of the panel at the time this case was submitted without oral argument, but did not participate in this memorandum opinion because their terms of office expired on December 31, 2024. In accordance with the appellate rules, they were replaced on panel by Justice Jenny Cron and Justice Ysmael D. Fonseca. *See* TEX. R. APP. P. 41.1(a).

a suit by appellee, Elma Nydia Compean, as independent executrix of the estate of Hugo Hinojosa.[2] Sandoval argues by ten issues that the trial court erred. Concluding that most of the issues have been inadequately briefed, *see* TEX. R. APP. P. 38.1(i), we affirm.

## I.    BACKGROUND

Sandoval and Hinojosa cohabited from around 1993 until 2017. Hinojosa filed an original petition for common law divorce in 2017, but he passed away in 2019 and Compean, the executrix of his estate, replaced him as plaintiff.[3] On December 26, 2019, Compean filed an amended petition in her representative capacity alleging that Sandoval and Hinojosa had entered into a "joint venture partnership" for the purpose of investing in real estate; that Hinojosa had paid for all of the partnership properties with his separate funds; that the properties were titled in Sandoval's name to facilitate her management of the properties; and that the parties agreed that they would each own fifty percent of each property.

Compean alleged that, "on or about January 2017, [Sandoval] kicked [Hinojosa] out of the joint venture partnership and commenced collecting and keeping all rents on the properties, putting properties up for sale and spending joint venture partnership monies to the exclusion of [Hinojosa]." Further, according to the petition, Hinojosa "turned over cashier[']s checks totaling approximately $15,000" to Sandoval after she "offered to hold the money in a bank account earning interest for [Hinojosa]," but Sandoval "refused

---

[2] "The Estate of Hugo Hinojosa" was the named plaintiff in the final judgment and notice of appeal, and appellee's brief sets forth appellee's identity as "The Estate of Hugo Hinojosa." However, an estate is not a legal entity and therefore cannot sue or be sued. *See Henson v. Estate of Crow*, 734 S.W.2d 648, 649 (Tex. 1987). Generally, personal representatives of the decedent's estate are the only people entitled to sue to recover estate property. *See Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971). Accordingly, Compean in her representative capacity is the proper appellee in this case, and we construe appellee's brief as being filed on her behalf.

[3] The amended petition abandoned the allegation that there was a common law marriage.

to return the money." Finally, the petition alleged that the couple jointly operated two gambling arcades involving "eight liners" or "maquinitas" but that Sandoval kept Hinojosa's share of the cash which those businesses generated. Compean raised various causes of action against Sandoval, including breach of fiduciary duty, breach of partnership agreement, theft, fraud, conversion, unjust enrichment, and promissory estoppel.

After a bench trial, the trial court signed a judgment on October 2, 2023, awarding the following to Compean as independent executrix of Hinojosa's estate: (1) an undivided one-half interest in eight specific tracts of real property in Willacy County; (2) $264,400, "which figure represents one-half (1/2) of the rents received by [Sandoval] from 1993 until the date of this judgment"; and (3) $15,000 "for reimbursement." The judgment did not state which cause or causes of action formed the basis for the judgment, and no findings of fact or conclusions of law were requested or filed. Sandoval filed a motion for new trial that was denied by operation of law, and this appeal followed.

## II.    DISCUSSION

### A.    Concealed Marriage

By her first issue, Sandoval contends that her partnership agreement with Hinojosa is "null and void due to concealed marriage, fraud in the inducement, and failure of consideration of marriage." Specifically, she argues that Hinojosa "was married to Betty Guerra[] at the time he promised to marry [Sandoval]" and that he "falsely induced [Sandoval] into letting [him] move in to [Sandoval]'s home and into an oral 50% partnership." She states that she "would never had allowed [Hinojosa] to move into her home if [she] knew [he] was still married, and [she] would never have entered into any financial agreement, partnership or otherwise, with a man married to another woman."

3

In response, Compean argues that the issue has been inadequately briefed. *See* TEX. R. APP. P. 38.1(i) (providing that the appellant's "brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record"). We agree.[4] In her argument as to this issue, Sandoval references her trial testimony that, at the time their relationship began, Hinojosa told her that he was "divorced." However, she points to no evidence in the record supporting her assertion that Hinojosa was married, that he fraudulently induced her into agreeing to a partnership agreement, or that the partnership agreement was otherwise invalid or unenforceable. *See id.*; *Katy Springs & Mfg., Inc. v. Favalora*, 476 S.W.3d 579, 607 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("It is not this court's duty to review the record, research the law, and then fashion a legal argument for appellant when [it] has failed to do so.").

More importantly, Sandoval does not cite any authority regarding the appropriate standard of review, the elements of breach of contract, the formation of a partnership or joint venture, or any affirmative defenses such as fraudulent inducement. In fact, Sandoval cites no legal authority whatsoever in her discussion of her first issue. The issue is overruled for this reason. *See* TEX. R. APP. P. 38.1(i); *Harvel v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 511 S.W.3d 248, 253 (Tex. App.—Corpus Christi–Edinburg 2015, pet. denied) ("An issue on appeal unsupported by argument or citation to any legal authority presents nothing for the court to review."); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) ("Failure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint."); *see*

---

[4] Sandoval's initial brief was due on March 3, 2024. *See* TEX. R. APP. P. 4.1(a), 38.6(a). We granted two motions filed by Sandoval for extension of time to file the brief, and the final amended brief was filed on May 31, 2024. After Compean filed her brief—which complained, in part, that all of Sandoval's issues were waived by inadequate briefing—Sandoval's reply brief was due on October 1, 2024. *See* TEX. R. APP. P. 38.6(c). We granted Sandoval's motion for extension of time to file the reply brief until November 18, 2024. However, no reply brief was filed.

*also Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) ("We are not responsible for doing the legal research that might support a party's contentions. . . . Were we to do so, . . . we would be abandoning our role as judges and become an advocate for that party.").

## B.    Award of Partnership Rents

By her second issue, Sandoval contends that the trial court erred by awarding the estate $264,400, ostensibly representing fifty percent of the rental income received by Sandoval for the subject properties since the parties began living together. Sandoval argues that this award was improper because: (1) it was based on the monthly rent amounts which were in effect as of 2017; and (2) "costs, expenses, insurance, and taxes" were not deducted from the gross totals. She further argues by this issue that one of the specified properties, located on 7th Street in Raymondville, was her "sole and separate" property and should not have been included in the list of properties for which she owed Hinojosa rental income.

Again, Compean argues that Sandoval inadequately briefed the issue. And again, we agree. No legal authority is cited in Sandoval's discussion of this issue. *See* TEX. R. APP. P. 38.1(i); *Harvel*, 511 S.W.3d at 253. Further, though Sandoval asserts that "the rents assessed and charged in 2017 were not the same rents charged" in previous years, she does not point to any evidence supporting that assertion or indicating that she spent any amounts for "costs, expenses, insurance, and taxes" which may have reduced the estate's award. *See* TEX. R. APP. P. 38.1(i); *Katy Springs & Mfg., Inc.*, 476 S.W.3d at 607. Sandoval's second issue is overruled as inadequately briefed.

## C.    Statute of Frauds

By her third issue, Sandoval contends that the judgment should be reversed

5

because the "joint venture partnership" agreement was unenforceable under the statute of frauds. Specifically, she contends that the agreement had to be in writing because (1) it was "made on consideration of marriage," and (2) it was "not to be performed within one year" from the date of its making. *See* TEX. BUS. & COM. CODE ANN. § 26.01(b)(3), (6); TEX. FAM. CODE ANN. § 1.108 ("A promise or agreement made on consideration of marriage or nonmarital conjugal cohabitation is not enforceable unless the promise or agreement or a memorandum of the promise or agreement is in writing and signed by the person obligated by the promise or agreement.").

Compean once again asserts that Sandoval's briefing on this issue is inadequate. Once again, we agree. Sandoval cites the relevant statutes, but she does not cite any authority applying those statutes, and crucially, she does not cite any portion of the trial record supporting her contention that her "joint venture partnership" agreement with Hinojosa fell within their purview. *See* TEX. R. APP. P. 38.1(i); *Harvel*, 511 S.W.3d at 253; *Katy Springs & Mfg., Inc.*, 476 S.W.3d at 607. Further, Sandoval fails to recognize that it is her burden to show the application of affirmative defenses to the joint venture, promissory estoppel, and breach of fiduciary duty claims. Her third issue is overruled.

## D.    Award of Property and Reimbursement

By a multifarious fourth issue, Sandoval argues the trial court erred by awarding Hinojosa's estate an undivided fifty percent interest in certain real property located in Raymondville which she claims is her separate property. She points to her own deposition testimony, which was admitted as evidence at trial, that she was gifted the property prior to the marriage by a former boyfriend. She argues, without reference to authority, that a "gift deed . . . cannot be part of [a] partnership or joint venture." Also by this issue, Sandoval contends that that the court erred in awarding $15,000 in "reimbursement" for

6

improvements made to the property because: (1) reimbursement "exists only in a marriage pursuant to the Texas Family Code," and (2) the improvements were "paid by [Sandoval's] mother" as a gift to Sandoval. She cites her own deposition testimony that her mother "helped [her] with some money." She also notes that one of the properties was "bought . . . with the right of survivorship," and she argues that this fact negates the theory that the properties, though titled in Sandoval's name, were jointly owned.

By her tenth issue, Sandoval argues that the trial court erred by "entering a judgment that doesn't give [Hinojosa]'s wife, Betty Guerra, her 50% of [his] 50% of [the] community property interest."

Compean contends that these issues were inadequately briefed. We agree. Sandoval's brief does not cite any legal authority supporting any of the arguments raised in these issues. *See* TEX. R. APP. P. 38.1(i); *Harvel*, 511 S.W.3d at 253. Her fourth and tenth issues are overruled.

## E.    Gambling Businesses

By her fifth issue, Sandoval contends that the trial court erred in awarding judgment "based on false testimony" concerning the parties' gambling businesses. Specifically, she complains of trial testimony by Marcus Barrera, the attorney that represented Hinojosa prior to his death, that Hinojosa was arrested when one of the businesses was "raided" by police in 2007 and that Hinojosa "received pretrial diversion after the arrest." She claims that Barrera's statements "misle[]d the trier of fact into finding and awarding judgment for [Compean]."

Sandoval argues by her ninth issue that the trial court "erred by awarding [Compean] 50% of $400,000.00 . . . from the second maquinitas illegal gambling arcade . . . in violation of [Texas Rule of Civil Procedure] 404 which prohibits using past

7

behavior to prove present behavior." She also contends, without reference to authority, that "[t]he proceeds obtained from the first and second maquinitas business were illegal proceeds and cannot be part of a civil suit for enforcement of a contract due to the illegality of the contract."

Compean contends that these issues were inadequately briefed, and we agree. Sandoval does not specify what evidence she believes should have been excluded under Rule 404. Moreover, other than Rule 404 itself, Sandoval does not cite any legal authority in support of these issues. *See* TEX. R. APP. P. 38.1(i); *Harvel*, 511 S.W.3d at 253. Finally, beyond the conclusory statement set forth as part of her fifth issue, Sandoval does not explain how the admission of Barrera's (or any other) testimony probably caused the rendition of an improper judgment or prevented her from properly presenting her appeal.[5] *See* TEX. R. APP. P. 38.1(i); TEX. R. APP. P. 44.1(a) (standard for reversible error in civil cases); *Atkinson v. Sunchase IV Homeowners Ass'n*, 700 S.W.3d 659, 664 (Tex. App.—Corpus Christi–Edinburg 2020) ("The requirement that the appellant's brief contain a clear and concise argument is not satisfied by merely uttering brief conclusory statements unsupported by legal citations."), *rev'd on other grounds*, 643 S.W.3d 420 (Tex. 2022). Sandoval's fifth and ninth issues are overruled.

## F.    Statute of Limitations

Sandoval argues by her sixth issue that the trial court erred by awarding judgment "for 30 years from 1993 to 2023 for rents, properties, and illegal gambling money" because "[t]he statute of limitations for an oral contract and an oral promissory estoppel agreement is four years" and only four of the subject properties were purchased within

---

[5] We note that the final judgment does not award any relief explicitly based on the allegation that Sandoval kept Hinojosa's share of the gambling business income.

8

four years of Compean's suit.

Compean argues that the issue was inadequately briefed. We agree. Other than generally citing "Texas Civil Practice and Remedies Code chapter 16," Sandoval refers to no legal authority in support of this issue. *See* TEX. R. APP. P. 38.1(i); *Harvel*, 511 S.W.3d at 253. Moreover, even assuming the issue was adequately briefed and that Hinojosa's breach of contract and promissory estoppel claims were barred by limitations, those are not the only claims which may have supported the trial court's judgment; accordingly, there is no showing of reversible error. *See* TEX. R. APP. P. 44.1(a); *Mass. Bay Ins. v. Adkins*, 615 S.W.3d 580, 612 (Tex. App.—Houston [1st Dist.] 2020, no pet.) ("Generally, to obtain reversal on appeal, an appellant must attack all independent bases or grounds that fully support a complained-of ruling or judgment.").

Sandoval's sixth issue is overruled.

## G.    Dead Man's Rule

By her seventh issue, Sandoval contends the trial court erred by allowing Barrera to testify at trial regarding statements made by Hinojosa before his death, which she claims violated Texas Rule of Evidence 601(b) (the "Dead Man's Rule"). This rule provides that, in a civil case brought in a party's capacity as an executor of an estate, "a party may not testify against another party about an oral statement by the testator, intestate, or ward" unless "(A) the party's testimony about the statement is corroborated; or (B) the opposing party calls the party to testify at the trial about the statement." TEX. R. EVID. 601(b)(1)–(3).[6] Sandoval cites Rule 601(b) as well as *Fraga v. Drake*, in which the

---

[6] According to Compean, she filed a "Motion Pursuant to Dead Man's Statute" asking the trial court to make a pre-trial ruling that Barrera's testimony was admissible. Though the record does not contain the motion, it does contain the trial court's pre-trial order granting the motion and finding that "corroboration has been met" regarding the topics of Barrera's anticipated testimony.

9

El Paso Court of Appeals stated:

> Texas courts construe the Dead Man's Rule narrowly. The rule does not prohibit testimony concerning statements by the deceased that are properly corroborated. Corroborating evidence must tend to support some of the material allegations or issues that are raised by the pleadings and testified to by the witness whose evidence is sought to be corroborated. It may come from any other competent witness or other legal source, including documentary evidence. Corroborating evidence need not be sufficient standing alone, but must tend to confirm and strengthen the testimony of the witness and show the probability of its truth. For example, it is sufficient if the corroborating evidence shows conduct by the deceased that is generally consistent with the testimony concerning the deceased's statements.

276 S.W.3d 55, 61 (Tex. App.—El Paso 2008, no pet.) (citations omitted).[7] Sandoval argues that several of Hinojosa's statements, as testified to by Barrera at trial, were uncorroborated as required by this rule.[8]

In response, Compean notes that the Dead Man's Rule set forth in the Texas Rules of Evidence applies by its own terms only to testimony by "a party" to the proceeding, TEX. R. EVID. 601(b)(2), and Barrera was not a party. *See In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 569 (Tex. 2015) (orig. proceeding) (noting that, in interpreting a procedural rule, "we look first to the rule's language and construe it according to its plain meaning"); *Fraga*, 276 S.W.3d at 61 (noting that this rule in particular is construed narrowly). We agree that the trial court did not err in concluding Barrera was not prohibited from testifying under the Dead Man's Rule for this reason. Sandoval's seventh issue is overruled.

---

[7] This is the only caselaw cited in the entirety of Sandoval's 55-page, 14,346-word brief.

[8] Sandoval also argues by this issue that Barrera was prohibited from testifying under the rule because he was an "interested third party." However, she cites no legal authority in support of this argument; accordingly, it is waived. *See* TEX. R. APP. P. 38.1(i); *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.).

## H.     Promissory Estoppel

By her eighth issue, Sandoval contends that the trial court erred to the extent it rendered judgment based on promissory estoppel because (1) "there is no evidence that [she] agreed to an oral contract for a partnership with [Hinojosa]," and (2) "the Statute of Frauds mandates that contracts for real estate must be in writing." In support of this issue, she cites Texas Business and Commerce Code § 26.01, but she does not cite any other legal authority. In particular, she cites no authority setting forth or applying the applicable standard of review or the elements of promissory estoppel. Accordingly, we conclude the issue has been waived as inadequately briefed. *See* Tex. R. App. P. 38.1(i); *Harvel*, 511 S.W.3d at 253.

### III.     CONCLUSION

The trial court's judgment is affirmed.

YSMAEL D. FONSECA
Justice

Delivered and filed on the
27th day of February, 2025.

11