

# NUMBER 13-24-00182-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

RAUL TOLEDO,                                                         Appellant,

v.

MARTHA'S VINEYARD MOBILE
HOME PARK,                                                          Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 5
## OF NUECES COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices West and Cron
Memorandum Opinion by Justice Cron**

Appellant, Raul Toledo, acting pro se, appeals the county court's judgment in favor of appellee, Martha's Vineyard Mobile Home Park (Mobile Home Park), in a forcible-detainer action. *See* TEX. PROP. CODE ANN. § 24.002. Concluding that Toledo's sole issue has been inadequately briefed, *see* TEX. R. APP. P. 38.1(i), we affirm.

## I. PROCEDURAL BACKGROUND

On January 5, 2024, the Mobile Home Park sought to evict Toledo and all other occupants from property[1] located at the Mobile Home Park (the premises) in a Nueces County justice court. After Toledo failed to appear, a default judgment was entered against him for possession of the premises. Toledo appealed to a county court in Nueces County, and the appeal was heard on March 28, 2024. Toledo again failed to appear, and the county court issued a judgment in favor of the Mobile Home Park awarding, among other things, possession of the premises. This appeal followed. *See* TEX. PROP. CODE ANN. § 24.007.

## II. DISCUSSION

By his sole issue, Toledo contends, "I am appealing my Motion for Eviction from my Residence at the Martha's Vineyard Mobil[e] Home Park due to concerns and discrepancies sited by the Park Site Manager. I have corrected any and all issues related to this Case." The Mobile Home Park did not file a brief.[2] *See* TEX. R. APP. P. 38.2. Even if we liberally construe Toldeo's contention as a potentially meritorious claim of a right to immediate possession of the premises, it nevertheless fails for inadequate briefing. *See* TEX. R. APP. P. 38.1(i); TEX. R. CIV. P. 510.3(e); *Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017) ("The sole focus of a forcible-detainer action is the right to immediate possession of real property."); *Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 785 (Tex. 2006) (same); *Dormandy v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (same).

---

[1] We have refrained from identifying the exact address of the property for privacy reasons.

[2] The Mobile Home Park later separately filed a motion to dismiss, which we previously denied.

To elaborate, within the summary of argument section of his brief, Toledo references four appellate rules, but fails to shape these rules into any cogent argument that we can review.[3] *See* TEX. R. APP. P. 38.1(i); *Katy Springs & Mfg., Inc. v. Favalora*, 476 S.W.3d 579, 607 (Tex. App.—Houston [14th Dist.] 2015, pet. denied) ("It is not this court's duty to review the record, research the law, and then fashion a legal argument for appellant when [it] has failed to do so." (alteration in original) (citation omitted)); *see also Arevalo v. Llamas*, No. 13-20-00497-CV, 2022 WL 3264628, at *6 (Tex. App.—Corpus Christi–Edinburg Aug. 11, 2022, no pet.) (mem. op.); *In re J.O.A.M.*, No. 01-23-00691-CV, 2024 WL 1169432, at *23 (Tex. App.—Houston [1st Dist.] Mar. 19, 2024, no pet.) (mem. op.). Nowhere else in Toledo's five-page brief is there any authority cited or record references made. *See* TEX. R. APP. P. 38.1(i); *Harvel v. Tex. Dep't of Ins.-Div. of Workers' Comp.*, 511 S.W.3d 248, 253 (Tex. App.—Corpus Christi–Edinburg 2015, pet. denied) ("The appellant's brief must contain a clear and concise argument for the party's contest accompanied by appropriate citations to authorities and to the record.") (citation omitted); *see also Jimison v. MAEDC-Hulen Bend Senior Cmty., L.P.*, No. 02-23-00206-CV, 2024 WL 3282544, at *8 (Tex. App.—Fort Worth July 3, 2024, no pet.) (mem. op.) ("[F]ailure to cite legal authority or provide substantive analysis of the legal issue presented results in waiver of the complaint." (quoting *Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.))).

Although we understand that Toledo is a pro se litigant, he still must comply with the applicable rules of appellate procedure. *See Mansfield State Bank v. Cohn*, 573

---

[3] We note that the sentence in Toledo's brief which references the four appellate rules is as follows: "Pursuant to TEX.R.APP.P. 42.3 in reference to TEX.R.APP.9.1(b), 9.5, 25.1(d)(2, 4, 8)[.] Plus[,] I've been a resident over 20 yrs."

S.W.2d 181, 185 (Tex. 1978); *Sweed v. City of El Paso*, 195 S.W.3d 784, 786 (Tex. App.—El Paso 2006, no. pet); *see also* TEX. R. APP. P. 38.1(i). Because Toledo has inadequately briefed his sole issue, we conclude it has been waived and overrule it. *See* TEX. R. APP. P. 38.(i); *see also Vaiz v. Fed. Nat'l Mortg. Ass'n*, No. 13-14-00110-CV, 2015 WL 6768657, at *3 (Tex. App.—Corpus Christi–Edinburg Nov. 5, 2015, pet. dism'd) (mem. op.) (overruling second issue based on inadequate briefing after reasoning in part that "there is no cogent argument or citation to applicable legal authorities").

### III. CONCLUSION

We affirm the county court's judgment.

JENNY CRON
Justice

Delivered and filed on the
10th day of April, 2025.

4